DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:            631.287.5520
Fax:           631.283.4735
e-Mail:     DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ.  MT-1979
MIRIAM TAUBER LAW PLLC
Attorney for Plaintiff
885 Park Avenue,  2A
New York, New York 10075
Tel:            323.790.4881
e-Mail:     MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. | No. 18-cv-8896 |
| Plaintiff, | COMPLAINT TO COMPEL COMPLIANCE WITH THE REPORTING REQUIREMENTS OF 15 U.S.C. 78p(a) AND FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. 78p(b) |
| - against - | |
| GUY GENTILE, AND MINTBROKER INTERNATIONAL, LTD., | |
| Defendants. | |

NEW CONCEPT ENERGY, INC., by David Lopez, Esq. and Miriam Tauber, Esq., its attorneys, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraphs 3 and 4 which plaintiff alleges on personal knowledge.

## NATURE OF THE ACTION

This suit is brought by NEW CONCEPT ENERGY, INC. ("NEW CONCEPT") whose Common Stock is publicly held and listed for trading on the NYSE-Amex Stock Exchange. NEW CONCEPT, as issuer of such Common Stock, has, without its foreknowledge, participation or consent, had the public market for those shares commandeered in a pump-and-dump scheme orchestrated by the defendants. Until September 19, 2018, months after due and only after being prodded by litigation in an unrelated suit alleging a similar *modus operendi*, they flouted the reporting requirements of Section 13(d) of the Securities Exchange Act of 1934, as amended, (the "Act"). They willfully failed to file with the Securities & Exchange Commission, or to provide to NEW CONCEPT, or to disseminate to the investing public copies of a Schedule 13D upon their attaining a more-than-5% beneficial ownership stake in NEW CONCEPT's Common Stock and they failed to file subsequent amendments as they increased their ownership to roughly 50% of NEW CONCEPT's total outstanding share issue of Common Stock. They also failed and continue to fail to file timely, accurate or complete Forms 3 and 4 under Section 16(a) of the Act with the Securities & Exchange Commission or to provide NEW CONCEPT with copies, upon entry into a more-than-10% beneficial ownership position in NEW CONCEPT's Common Stock and during the accumulation of shares thereafter. These are not mere technical failings but a deliberate and calculated concealment by the defendants of their purchases and sales of plaintiff's Common Stock within periods of less than six months while more-than-10% beneficial owners of that class of equity security and of

their need to account for and pay over to NEW CONCEPT the resulting short-swing profits as required by Section 16(b) of the Act.

## JURISDICTION:

1. This action arises under the provisions of Sections 16(a) and 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Sections 78p(a) and 78p(b), and jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, the general federal jurisdiction statute, and Section 27 of the Act, 15 U.S.C. Section 78aa, which specifically confers exclusive jurisdiction upon the federal courts over "all suits in equity and actions at law" to enforce any liability or duty under the Act.

2. The Court also has diversity jurisdiction pursuant to 28 U.S.C. Section 1332. NEW CONCEPT is a Nevada corporation domiciled in Texas and the defendants are domiciliaries of Puerto Rico and/or Florida and of the Bahamas. The amount in controversy exceeds the jurisdictional minimum.

## THE PARTIES AND VENUE:

3. Plaintiff is a Nevada corporation with principal offices located at 1603 Lyndon B. Johnson Freeway., Suite 300, Dallas, Texas 25234.

4. At all times relevant the common stock of NEW CONCEPT was registered under Section 12(b) of the Act and was traded under the symbol GBR on the NYSE-Amex Exchange, a National Securities Exchange located within this district. All or most of the purchases or sales to be described took place upon such exchange.

5. GUY GENTILE ("GENTILE") is a United States national who, in filings with Companies House in the United Kingdom and with the securities regulatory authorities in The Bahamas, claims to be an Italian national. In a recent Schedule 13D filed with respect to an unrelated issuer, Avalon Holdings Corporation, whose similar claims are before this court (*Avalon Holdings Corporation v. Guy Gentile and Mintbroker International, Ltd..,* 18 Civil 7291 (VSB)), he claims to be a citizen of the Bahamas. It is unclear whether he claims dual or triple citizenship or merely a preference for the citizenship most suitable to the occasion. He resides at 105 Avenida de Diego, South Tower, Apt. 2202, San Juan, Puerto Rico 00911, although in filings with Companies House he also claims addresses of 29 Harley Street, London, England W1G 9QR and OCE # 104, Ocean Club Estates, Paradise Island, Bahamas N-8340. His Florida driver's license lists a residence address of 321 South Dixie Highway, West Palm Beach, Florida 33401. There are others.

6. GENTILE claims, in his filings with Companies House, to have "…the right, directly or indirectly, to appoint or remove a majority of the board of MINTBROKER INTERNATIONAL, LIMITED", ("MINTBROKER") and to be the sole director of MINTRBROKER. In his Schedule 13D filing for Avalon Holdings Corporation and in the Schedule 13D filed with respect to NEW CONCEPT on September 17, 2018, GENTILE describes his principal occupation to be "CEO of MINTBROKER". Upon information and belief, GENTILE has a 100% pecuniary interest in the proprietary trading activities of MINTBROKER, either through direct ownership or through the ownership of a wholly-owned intermediary entity or entities. By reason of this and his control over MINTBROKER, he has shared

4

beneficial ownership over any and all shares of NEW CONCEPT Common Stock purchased, held or sold by MINTBROKER and his Schedule 13D of September 17, 2018, is an admission of that.

7. GENTILE is an experienced securities market operator and a connoisseur of scams. In July of 2012, he was detained by the FBI on his arrival at Westchester County Airport on a flight from the Bahamas on his way to a Connecticut casino. The detention was in connection with his participation in two pump-and-dump manipulation schemes involving shares of a putative Mexican gold mining company, Raven Gold Corporation ("RVNG") and of a putative Kentucky oil exploration company, Kentucky USA Energy, Inc. ("KYUS"). To avoid immediate arrest and prosecution he became an informant for the F.B.I. and for the next three years he acted as a wired participant in the planning of numerous conspiracies to manipulate stocks, including pump-and-dump schemes, and other financial frauds. Once his usefulness had been deemed exhausted by the Department of Justice it offered him a plea to one felony with no prison time. He refused, having taken the precaution of surreptitiously recording over 100 conversations and telephone calls with his FBI handlers (or so he claimed). He attempted to use those recordings to dissuade prosecution. Civil and criminal charges were lodged against him in the District of New Jersey in 2016. The cases were dismissed on statute of limitations grounds. GENTILE was recently denied a banking license in the Commonwealth of Puerto Rico for failing to demonstrate good moral character.

8. MINTBROKER is a United Kingdom corporation (private limited company) or, alternatively, a Bahamian Corporation as is claimed in the Schedule

13D of September 17, 2018, relating to NEW CONCEPT. It is beneficially owned by GENTILE either directly or through a wholly-owned intermediary or intermediaries. Its registered office address is Suite B, 29 Harley Street, London, England W1G 9QR or such alternative Bahamian address as may be appropriate should its organization be Bahamian. Its principal offices are located at Elizabeth Avenue and Bay Street, Nassau C5 N-8340, the Bahamas. MINTBROKER is controlled by GENTILE.

**OBJECT OF THIS SUIT**

9. This action is brought by NEW CONCEPT to compel, through injunctive relief, GENTILE and MINTBROKER to file with the Securities & Exchange Commission a corrected Form 3 disclosing the true date on which they entered into a more-than-10% beneficial ownership position with respect to the Common Stock of NEW CONCEPT and the number of shares owned at that moment, and to file and to disseminate publicly however many reports on Forms 4 as may be needed to disclose fully their purchases and sales and deemed purchases and sales of NEW CONCEPT Common Stock while occupying a more-than-10% beneficial ownership position in those shares. Additionally, this suit seeks to recover from both of the defendants, jointly and severally, any and all short-swing trading profits they may have realized through their purchases and sales of the Common Stock of NEW CONCEPT during the six months period ending on or about July 3, 2018.

## STATUTORY REQUISITES:

10. The violations of Sections 16(a) and 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

11. This action has been brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. 78p(a), setting forth the substance of the transactions here complained of, were first filed with the Securities and Exchange Commission. Where those reports have not been filed or, as filed, prove fraudulent and inaccurate with the intent to deceive, the statute of limitations has not yet begun to run.

## CLAIM FOR RELIEF – SHORT-SWING TRADING

12. NEW CONCEPT repeats and realleges all matter appearing in the preceding paragraphs as though fully set out at this paragraph.

13. On or about June 29, 2018, MINTBROKER filed with the Securities & Exchange Commission a report on Form 3 announcing that as of that date it had become a more-than-10% beneficial owner of the Common Stock of NEW CONCEPT. A true copy of that report is appended to this Complaint as Exhibit A.

14. Exhibit A reports that on June 29, 2018, MINTBROKER, like Athena bursting forth from the head of Zeus fully formed, had acquired on that date in a single transaction 1,073,713 shares of NEW CONCEPT Common Stock.

15. The total issue outstanding of NEW CONCEPT Common Stock at that date was 2,131,935 shares.

16. Typical trading volume for NEW CONCEPT Common Stock on the NYSE-Amex Stock Exchange during the six months preceding June 29, 2018, was in a range of 6,590 to fewer than 100,000 shares per day, excluding a handful of one-or-two-day episodes of spiking above a million shares. Plaintiff believes those episodes to have been pre-positioning or accumulation efforts by the defendants and aberrational. Exhibit B is a daily tabulation of trading pricing and volume on the NYSE-Amex Exchange in NEW CONCEPT common stock during that time.

17. It is inconceivable that MINTBROKER and through it, GENTILE, could have acquired a more-than 50% beneficial ownership stake in the thinly traded NEW CONCEPT common stock in a single purchase on a single day without numerous prior unreported surreptitious and collusive acquisitions, pre-positionings or accumulations.

18. The purchase that introduces a shareholder into a more-than-10% beneficial ownership position is exempt from the reach of Section 16(b) of the Act. All subsequent transactions, so long as the shareholder maintains his or its more-than-10% beneficial ownership position, are within its reach.

19. Exhibit A is a bald-faced lie. It is intended to convey that all shares there reported were acquired in a single purchase ushering the filer into more-than-10% beneficial ownership for its or his total holdings so that all sales subsequent

to June 29, 2018, would be beyond the ambit of the statute unless additional and non-exempt purchases were to be made within the period of insider status.

20. The falsity of this claim is made clear by the schedule of trades forming a part of defendants' belated Schedule 13D of September 17, 2018. It shows an accumulation of shares through 685 transactions, more or less, on June 28 and 29, 2018.

21. On Wednesday, June 27, 2018, NEW CONCEPT Common Stock opened on the NYSE-Amex at $1.34 and closed at $1.37 on volume of 45,858 shares. These prices and this volume are consistent with the trading range of NEW CONCEPT common stock during the preceding months, *See:* Exhibit B. On Monday, July 2, 2018, those shares opened at $12.00, an increase of roughly 955%, and had a volume for the day of 10,400,000 shares. On Tuesday, July 3, 2018, NEW CONCEPT Common Stock opened at $12.75 on the NYSE-Amex and enjoyed a volume of 15,940,000 shares on the day. MINTBROKER'S liquidation of NEW CONCEPT shares while a more-than-10% beneficial owner was completed on that day. The share trading of NEW CONCEPT thereafter resumed its usual price and volume ranges.

22. Except for this extraordinary share price and volume behavior there was no company news or development for NEW CONCEPT beyond the ordinary course of business during the period beginning June 27 and ending July 3, 2018.

23. Section 16(b) of the Act, 15 USC 78p(b), is a strict liability statute requiring surrender of profits made by, *inter alia,* a more-than-10% beneficial owner to his or its issuer through the purchase and sale or sale and purchase of equity securities of that issuer in any period of less than six months. A plaintiff need prove only that the defendant was an insider of a registered public company who profited from the purchase and sale or sale and purchase of the company's shares, or derivative securities tied to shares, within a period of less than six months. The statute's application is largely mechanical. Evidence of the defendant's intent, actual misuse of information or bad faith is unnecessary. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained from short-swing trades.

24. MINTBROKER, as GENTILE's creature, claims to have sold 114,576 shares of NEW CONCEPT Common Stock on July 2, 2018, at a single price of $11.32, per share and to have sold an additional 959,137 shares on July 3, 2018, at a single price of $8.682 per share, at which time it claims to have completely divested itself of the 1,1,073,713 shares it claims to have purchased on June 29, 2018, five calendar days, three market days, earlier. Forms 4, as filed by MINTBROKER with the Securities & Exchange Commission, appear at Exhibit C hereto.

25. The Forms 4 appearing at Exhibit C are bald-faced lies.

26. The falsity of their claims is again made clear by the schedule of trades forming a part of defendants' Schedule 13D of September 17, 2018. It shows that the accumulation of shares through 685 transactions, more or less, on

June 28 and 29, 2018, reached a more-than-10% beneficial ownership level at 10:05 A.M. of the 29th through the purchase of the last of 23,900 shares. All subsequent transactions, until the defendants emerged from more-than-10% ownership status on July 3, 2018, at 9:40 A.M. through their sale of 1,400 shares, were within the SHORT-SWING TRADING PERIOD and resulting profits, if any, were subject to forfeiture to NEW CONCEPT under Section 16(b).

27. During the period June 28, 2018, to July 10, 2018, which includes the SHORT-SWING TRADING PERIOD, the defendants engaged in roughly 12,325 purchase and sale transactions in the previously thinly traded common stock of NEW CONCEPT.

28. During the SHORT-SWING TRADING PERIOD those transactions, matching the lowest-priced purchases against the highest-priced sales, yielded short-swing profits in an amount not known to Plaintiff but estimated at $6,160,334, more or less. Plaintiff will provide to the defendants its many pages of computations of profits realized as Initial Disclosures, or earlier upon request, after their formal appearance before the Court.

29. Such profits as are determined are recoverable by NEW CONCEPT under Section 16(b) of the Act and such recovery is sought hereby as is compulsion of the defendants to file truthful, accurate and complete Forms 3 and 4 reporting their trading activity in shares of NEW CONCEPT Common Stock while insiders.

**WHEREFORE**, Plaintiff demands judgment:

(a) Enjoining and compelling the defendants and each of them to file with the Securities & Exchange Commission truthful, accurate and complete reports on Forms 3 and 4 of correct entry and exit dates into and from a more-than-10% beneficial ownership position, truthful and complete statements of the amounts of their holdings at such times, and of all subsequent purchases and sales with respect to Common Stock of NEW CONCEPT in compliance with all applicable rules and regulations, forthwith;

(b) Requiring the defendants and each of them to account for, and to pay over to, NEW CONCEPT, jointly and severally, the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

(c) Awarding to NEW CONCEPT its costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

(d) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
September 28, 2018

Yours, etc.

Miriam Tauber, Esq.
*Attorney for Plaintiff*

David Lopez, Esq.
*Attorney for Plaintiff*