UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------- x
NEW CONCEPT ENERGY, INC.

*Plaintiff*,

– against –

Case No.: 1:18-cv-08896

GUY GENTILE AND MINTBROKER INTERNATIONAL,
LTD.,

*Defendants*

 ------------------------------------------------------------------- x

## ANSWER

    Defendants Guy Gentile and Mintbroker International, Ltd. ("Gentile", "Mintbroker", and collectively, "Defendants") by and through their undersigned attorneys, respond, state and allege as follows to the Complaint asserted by Plaintiff New Concept Energy, Inc. ("New Concept" or "Plaintiff").  To the extent that the headings and non-numbered statements in the Complaint contain averments, the Defendants deny each and every such averment. With respect to the unnumbered paragraph entitled "Nature of the Action", Defendants admit that New Concept's common stock is publicly held and listed on the NYSE-Amex Stock exchange. Defendants and deny the remaining allegations in this paragraph with the exception of the legal conclusions contained therein, to which no response is required.

## JURISDICTION

1. Paragraph 1 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 1 alleges facts requiring a response, Defendants deny them.

2. Defendants admit that the Defendant Gentile is domiciled in Puerto Rico and that Defendant Mintbroker is domiciled in The Bahamas. Defendants lack information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and therefore deny them.

## THE PARTIES AND VENUE

3.  Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore deny them.

4.  Defendants admit that the common stock of New Concept was listed under the symbol GBR on the NYSE-Amex Exchange, which maintains offices in this District.  Defendants deny that any purchases or sales of the common stock of New Concept took place in this District on the basis that the NYSE-Amex trading floor is located in New Jersey. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and therefore deny them, but aver that New Concept stock is traded on multiple exchanges and trading platforms.

5.  Defendants aver that Gentile is a United States citizen currently domiciled in Puerto Rico. Defendants admit that Gentile's current address is 105 Avenida de Diego, South Tower, Apt. 2202, San Juan, Puerto Rico 00911.  Defendants admit that Mintbroker has made certain filings with the Bahamas Securities Regulator and has also made certain Schedule 13D filings with the Securities and Exchange Commission with respect to Avalon Holdings Corporation, but without further identifying information cannot ascertain the truth of the allegations based upon said filings, and therefore denies them.

6.  Defendants admit that Gentile is the CEO of Mintbroker.  Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to New Concept on or about September 17, 2018 and refer the court to that document for a complete and accurate recitation of its contents.  The remainder of

paragraph 6 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 6 alleges further facts requiring a response, Defendants deny them.

7. Defendants do not respond to Paragraph 7 on the basis that the allegations contained therein are invective designed solely to harass Defendants, and allegations would be defamatory but for the fact that they were made in a privileged pleading.  None of the allegations support or are relevant to plaintiff's causes of action, and the paragraph should be stricken from the Complaint.

8. Defendants admit that Mintbroker is a Bahamian Corporation with principal offices at Elizabeth Avenue and Bay Street, Nassau C5 N-8340, The Bahamas, and that Gentile is the CEO of Mintbroker.  Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to New Concept on or about September 17, 2018 and refer the court to that document for a complete and accurate recitation of its contents.  The remainder of paragraph 8 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 8 alleges further facts requiring a response, Defendants deny them.

## OBJECT OF PLAINTIFF'S SUIT

9. Paragraph 9 contains legal conclusions and no allegations of fact that require a response but merely articulates plaintiff's intentions, to the extent that paragraph 9 alleges facts requiring a response, Defendants deny them.

## STATUTORY REQUISITES

10. Paragraph 10 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 10 alleges facts requiring a response, Defendants deny them.

11. Paragraph 11 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 11 alleges facts requiring a response, Defendants deny them.

## **CLAIM FOR RELIEF**

12. Defendants repeat and reallege all responses and averments set out in paragraphs 1-11 above as if fully set out herein.

13. Defendants admit that Mintbroker filed a Form 3 with the Securities and Exchange Commission with respect to New Concept on or about June 29, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

14. Defendants admit that Mintbroker filed a Form 3 with the Securities and Exchange Commission with respect to New Concept on or about June 29, 2018 and refer the court to that document for a complete and accurate recitation of its contents.

15. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore deny them.

16. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore deny them.

17. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny them.

18. Paragraph 18 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 18 alleges facts requiring a response, Defendants deny them.

19. Defendants deny the allegations of paragraph 19, noting that the allegations are merely statements of opinion by Plaintiffs included solely to harass Defendants.

20. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange Commission with respect to New Concept on or about September 17, 2018 and refer the

court to that document for a complete and accurate recitation of its contents.  Defendants

lack information sufficient to form a belief as to the truth of the remaining allegations of

paragraph 20 and therefore deny them.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations of

paragraph 21 and therefore deny them, except refer to the prices published by the

exchange for accurate report of such prices.  The actual prices at which trades were

executed will be determined in discovery.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations of

paragraph 22 and therefore deny them.

23. Paragraph 23 contains legal conclusions and no allegations of fact that require a response,

to the extent that paragraph 23 alleges facts requiring a response, Defendants deny them.

24. Defendants admit that Mintbroker made Form 4 filings with the Securities and Exchange

Commission with respect to New Concept on or about July 3, 2018 and on or about July

5, 2018 and refer the court to those documents for a complete and accurate recitation of

their contents.

25. Defendants deny the allegations of paragraph 25, noting that the allegations are merely

statements of opinion by Plaintiffs included solely to harass Defendants.

26. Defendants admit that Mintbroker filed a Schedule 13D with the Securities and Exchange

Commission with respect to New Concept on or about September 17, 2018 and refer the

court to that document for a complete and accurate recitation of its contents.  Defendants

lack information sufficient to form a belief as to the truth of the allegations of paragraph

26 relating to sales and purchases of New Concept shares and therefore deny them.  The

remainder of paragraph 26 contains legal conclusions and no allegations of fact that

require a response, to the extent that paragraph 26 alleges further facts requiring a response, Defendants deny them.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore deny them.

28. Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore deny them.

29. Paragraph 29 contains legal conclusions and no allegations of fact that require a response, to the extent that paragraph 29 alleges facts requiring a response, Defendants deny them.

## FIRST AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants state that some or all of Plaintiff's claims or asserted damages fail because many of the alleged trades at issue either failed to clear or were related to shares that did not exist (because the trades were "naked" short sales made by market makers that had not borrowed shares and had failed to obtain a "locate" before the short as required by SEC regulations).

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice and granting it such other relief as is just and proper.

Dated: New York, New York
      October 15, 2019

                            FORD O'BRIEN LLP

                            /s/ Adam Ford
                            Adam Ford
                            Robert Landy
                            Danielle McLaughlin
                            575 5th Avenue, 17th Floor
                            New York, NY 10017
                            aford@fordobrien.com
                            rlandy@fordobrien.com
                            dmclaughlin@fordobriencom
                            *Attorneys for Defendants Guy Gentile and*
                            *Mintbroker International, Ltd.*