December 16, 2019

**Via ECF**
  Hon. Vernon S. Broderick, U.S.D.J. (S.D.N.Y.)
  Thurgood Marshall Courthouse
  40 Foley Sq., New York, NY 10007

Re:    *Avalon Holdings Corp. v. Gentile*, et. al., No. 18-cv-7291-VSB;
related to*: New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896-VSB

## **JOINT PRE-TRIAL CONFERENCE LETTER**

Your Honor:

    The parties jointly submit this letter pursuant to Your Honor's December 2, 2019 Order (*Avalon*, Dkt#40; *New Concept* Dkt#__), in advance of the Initial Pre-Trial Conference (IPTC) scheduled for December 20, 2019.

    **1.   A brief description of the nature of the action and the principal defenses thereto.**

    <u>Plaintiffs' position:</u>    These related cases are shareholder suits under Section 16(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78p(b), to recover short swing profits realized by the same Defendants. In each case, the Defendants engaged in thousands of purchase and sale transactions in securities issued by the respective Plaintiffs within a brief trading period (from June 28 through July 10, 2018 in *New Concept*; and from July 24 through August 1, 2018 in *Avalon*). Many of these transactions were executed while the Defendants were statutory "insiders" of the respective Plaintiffs, as beneficial owners of more than 10% of the outstanding securities issued by the Plaintiffs. Each of the Plaintiffs claim that all profits from purchases and sales executed by Defendants while Defendants were statutory "insiders" of the Plaintiffs are strictly subject to disgorgement.

    <u>Defendants' position</u>: Both cases relate to the alleged short-swing profit obtained by an alleged insider (Mintbroker International, Ltd., hereinafter "Mintbroker") and by implication its owner (Gentile). But unlike the many cases this District has considered under 15 U.S.C. § 78p(b) ("Section 16(b)") regarding insiders and statutory insiders, these two related actions here involve the intersection of a new trading market, dominated by high-frequency trading, and Section 16(b) which was intended to deal with the problem of the misuse or potential misuse of inside information, by *insiders* who could potentially have access to inside information.
    In making its allegations on a set of facts that plainly falls outside the framework of Section 16(b), Plaintiffs allege that Mintbroker exceeded the statutory 10% threshold for ownership of a class of stock for period so short that the complaints measure it in "*hours*".  These allegations are false as a factual matter because most of the trade orders failed to settle, so Mintbroker was never actually a "statutory insider".

2.    **A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability**

**company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees.**

Plaintiffs' position:   The Court has jurisdiction under Section 27 of the Act, 15 U.S.C. §78aa, which specifically confers exclusive jurisdiction in the federal courts for all actions to enforce obligations arising under the Act; and pursuant to 28 U.S.C. § 1331, the general federal jurisdiction provision conferring jurisdiction for all actions arising under a federal statute.

Additionally, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Avalon is an Ohio corporation with principal offices in Ohio, and Plaintiff New Concept is a Nevada corporation with principal offices in Texas. Defendant Guy Gentile is a U.S. citizen domiciled in Puerto Rico. Defendant MintBroker International, Ltd. is a UK entity owned and controlled by Defendant Gentile, with principal offices in the Bahamas.

Venue is appropriate in this Court because Plaintiffs allege that some or all of Defendants' trading giving rise to this action was executed, cleared, or effected on exchanges located in this District. The Court agreed that venue is proper in this Court in denying Defendants' Motion to Dismiss or Transfer Venue (*Avalon* Dkt #35; *New Concept* Dkt #28).

Defendants' position:  Defendants state that this Court has jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Defendants acknowledge that this Court has ruled that venue is proper in this District.

**3.   A brief description of all contemplated and/or outstanding motions.**

Plaintiffs' position:   None at this time; however, Plaintiffs anticipate that there will be many discovery disputes requiring court intervention on Plaintiffs' motions to compel discovery or to preclude the presentation of matters on which discovery has not been provided. Plaintiffs respectfully request that all non-dispositive pre-trial matters, including all discovery disputes, be delegated to the assigned Magistrate Judge for continuing supervisory oversight

Defendants' position:  None at this time.

**4.   A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

Plaintiffs' position:   Discovery is needed to confirm Defendants' execution of trades in the Plaintiffs' securities, as reported in Defendants' SEC filings. The parties have exchanged initial disclosures and discovery requests. Plaintiffs have issued and served third-party subpoenas to the 5 entities (brokers and exchanges), which the Defendants identified as in possession of trading records and other information relevant to both cases. As of the date of this letter, no documents have been produced either by the parties or in response to the subpoenas.

Defendants' position:  Defendants expect that its defense of this case will rely chiefly on discovery from third parties who have in their possession, custody, and control the trading records, market information, clearing information, and counterparty information relevant to this case.  In addition to the party discovery outlined by Plaintiffs above, Defendants have issued and served

third-party subpoenas on the Depository Trust & Clearing Corporation, the National Securities Clearing Corporation, brokers CBOE Global Markets, Inc. and Interactive Brokers, Ltd., and the NYSE. Defendants expect that this discovery may lead to additional third parties from whom discovery will need to be taken.

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

All parties' position:   No settlement discussions have taken place.

6. **The estimated length of trial.**

All parties' position: 3 days.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiffs' position:   Plaintiffs propose that it may be efficient to divide these cases into two stages—the first to resolve issues related to Defendants' liability; and the second to resolve the amount of each Defendant's liability. Plaintiffs' suggest that the first stage involve discovery of the facts that the Defendants contend absolve them of liability for particular trades (e.g., trades that were executed but not settled), so as to enable the parties and the Court to review whether these transactions trigger Section 16(b) liability as a matter of fact or law. The second stage will involve discovery of the terms of Defendants' transactions for Section 16 "matching" purposes, in order to determine the amount of each Defendant's required disgorgement to the respective Plaintiffs.

Defendants' position: Defendants do not believe that these cases should be divided into two stages on the basis that potential liability and potential damages are inexorably intertwined.

Respectfully submitted,

s/ *Miriam Tauber*  
Miriam Tauber  
MIRIAM TAUBER LAW PLLC

s/ *Danielle McLaughlin*  
Danielle McLaughlin; Adam Ford; Robert Landy  
FORD O'BRIEN LLP

David Lopez  
LAW OFFICES OF DAVID LOPEZ

*Attorneys for Defendants*

*Attorneys for Plaintiffs*

3