UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW CONCEPT ENERGY, INC.<br><br>          Plaintiff,<br><br>          v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>          Defendants. | No. 18-cv-8896 (VSB) (RJL)<br><br>ECF Case |

Related to:

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>          Plaintiff,<br><br>          v.<br><br>GUY GENTILE and<br>MINTBROKER INTERNATIONAL, LTD.,<br><br>          Defendants. | No. 18-cv-7291 (VSB) (RJL)<br><br>ECF Case |

**AFFIRMATION OF DAVID LOPEZ
IN SUPPORT OF PLAINTIFF NEW CONCEPT ENERGY, INC.'S
<u>CALCULATION OF DAMAGES AND MOTION FOR ENTRY OF JUDGMENT</u>**

      DAVID LOPEZ, a member of the bar of this court, affirms the following upon his oath as an attorney intending the penalties of perjury to apply.

    1.    I make this Affirmation of my own knowledge except where I rely upon evidence and data from admissible sources of which the court may take judicial notice and, in those instrances, I identify the source; and upon matters which I identify as being upon information and belief.

2. The Brief in Support of New Concept Energy, Inc.'s Calculation of Damages and Motion for Entry of Judgment (the "Brief") discusses the applicable law to be employed in determining amounts due to the respective Plaintiffs from the Defendants upon the individualized facts found by the Court to give rise to liability.

3. Those elements are: a) a purchase and a sale of; b) equity securities registered under Section 12 of the Securities Exchange Act of 1934; by c) a defined corporate insider; d) within periods of less than six month of one another. The opinion of Judge Broderick finding liability adjudges all four conditions to have been met.

4. A determination of damages requires that:

   a) Where, as here, insider status is based on a defendant's being a more-than-10% beneficial owner of an equity security of the issuer, the time or times of entry into and exit from that position from insider status must first be determined.

   b) The transaction that carries a defendant into a 10% ownership position is excluded from being one matchable against opposite-way transactions; and the transaction that carries a defendant out of a 10% ownership position is included for purposes of matching.

   c) Any purchase within the period in which the defendant is in a 10% beneficial owner status may be matched arbitrarily against any sale within that period on a "lowest-in, highest out" basis, the object being to arrive at a maximum possible recovery irrespective of whether any other method for matching produces a lower or no profit.

5. Section 13(d) of the Securities Exchange Act requires that, upon attaining a 5% beneficial ownership position the owner of that position must report that fact stating the date on which 5% ownership was achieved and enumerating all sales and purchases by that owner within 60 days of entry. Thereafter the owners are required to make amended filings reporting any change of more than 1% of all outstanding shares and enumerating all transactions within 60 days of that filing.

6. The Defendants belatedly made such an initial filing on September 17, 2018, in respect of Plaintiff New Concept Energy, Inc. ("New Concept"). A true copy of such filing appears at Exhibit F; and a spreadsheet produced by the defendants' brokerage, Interactive Brokers, appears at Exhibit G.[1] Both documents were referenced in the Joint Stipulation appearing at Dkt. #62 ¶¶ 1 & 2 (Ex. B). Defendants have stipulated that the trading they reported was derived from and is consistent with the trading reflected in their Interactive Brokers spreadsheet.

7. Exhibit H was compiled by sorting all of the Interactive Brokerage transactions appearing on the statements for the defendants' two Interactive Brokerage accounts (Ex. D & Ex. E.) in chronological order. The "Total Shares" count (at Column F) was generated by adding the shares purchased and subtracting shares sold following each executed purchase or sale transaction. Under Federal Rule of Evidence (F.R.E.) 1006, the court may take judicial notice of Ex. H which summarizes the voluminous data appearing in Mintbroker's Interactive Brokerage record as the originals are available to the court at Ex. D and Ex. E.

8. As indicated on Ex. H (*see also* Ex. E), Defendants' first trade of GBR Class A Common Stock within the data here presented was on May 24, 2018; and their last was on September 24, 2018. New Concept's financial reports state that there were a total of 2,131,935 shares of Class A Common Stock outstanding on May 11, 2018, and (at least until) November 14, 2018. (*See* New Concept Form 10-Q/A, *filed* May 15, 2018; Form 10-Q *filed* Aug. 13, 2018; Form 14/A, *filed* Sept. 4, 2018; Form 10-Q *filed* Nov. 14, 2018) (excerpts attached as Exhibit 1 to this Affirmation).

---

[1] Unless otherwise indicated, references to "Exhibits" or "Ex." throughout this Affirmation refer to Exhibits to the Affidavit of Miriam Tauber in Support of Plaintiff's Motion for Summary Judgment. (Dkt #69.)

9. Exhibit H calculates Defendants' percentage ownership following each trade by dividing the total shares column by the number of outstanding Class A Common Stock, or 3, 2,131,935. For ease of reference, Column F displays this number as a percentage. As indicated in Ex. H:

 a) Defendants *acquired beneficial ownership of more than 10%* of outstanding GBR Class A Common Stock by their executed purchase of 10,000 shares @ $2.30464/share, **on June 29, 2018, at 10:05:33 AM** (Row #216).

 b) Defendants *crossed back under the 10% threshold* by their sale of 770 shares @ $7.51260/share, on **July 3, 2018,** at **9:38:17 AM** (Row #1432).

10. The tabular summary appearing at page 9 of the accompanying Brief correctly identifies and summarizes all 1,216 transactions conducted by the Defendants while they were more-than-10% beneficial owners of GBR Class A Common Stock.

11. Exhibit M enumerates each cross-match of those transactions utilizing the "Lowest-in, Highest-out" methodology required by *Smolowe v. Delendo Corp.*, 136 F. 2d 231, 239 (2d Cir. 1943) and universally accepted as the only acceptable methodology.

12. Details of application are discussed at Pt. B.4 of the Brief.

13. Recoverable profits are **$6,102,002.**

14. Exhibit 2 to this Affirmation is a spreadsheet computing prejudgment interest in the amount of **$1,077,315,** based on the IRS tax underpayment interest rate and compounded quarterly, as discussed at Pt. C. of the Brief.

Affirmed this: 9th day of May 2022, at Southampton, New York.

_____
David Lopez
*Attorney for Plaintiff New Concept Energy, Inc.*