**DAVID LOPEZ**

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TEL (631) 287-5520 I FAX (631) 283-4735
EMAIL DAVIDLOPEZESQ@AOL.COM

May 25, 2022

**Via ECF**
Hon. Robert W. Lehrburger (U.S.M.J., S.D.N.Y.)

*Avalon Holdings Corp. v Gentile* et al., 18 cv. 7291 (VSB) (RWL)
*New Concept Energy, Inc. v. Gentile* et al., 18 cv 8896 (VSB) (RWL)

Re:   Defendants' Letter Motion

Your Honor:

On Friday of last week, Defendants filed a purported letter motion, accompanied by 5 affidavits testifying to the existence of evidence that Defendants and their counsel have repeatedly represented did not exist.

Most memorably, at a conference held before Your Honor on January 22, 2020—months before Gentile claims he was cut off from accessing Mintbroker's records—his counsel assured Your Honor that Defendants had completed their production of all relevant documents prior to the "shuttering" of Mintbroker (*See* attached Conf. Transcript p.18) ("I've spoken with my client literally a dozen times, what do we have … he has done a diligent search, there are no other records") (*see also* id. p.8).

Defendants' counsel further stated: "No, they never existed, the types of [trading] documents that are being described. … and if they did, they would merely be repetitive of the information that they already have. And here's what I mean, right, this was a proprietary trading account, [Mintbroker] has its own proprietary account, right, which it trades. Mr. Gentile was in charge of that account and placed the trades. Okay, everyone agrees." (Id. p. 15.)

At Gentile's deposition—which was also held before he claims to have been precluded from accessing Mintbroker's records, Gentile similarly stated: "We had clients at that time also and we're not talking about what my clients were trading. We're just talking about the proprietary trades. Whatever the clients traded is separate from whatever I traded." (Gentile Dep. p.44) (excerpt attached).

The Stipulation as to Certain Facts for Purposes of Summary Judgment (appended as Ex. B to Plaintiffs' Summary Judgment Motions) further memorializes Defendants' admission that the trades at issue in this case were proprietary Mintbroker trades.

And yet. Defendants followed their letter motion by sending Plaintiffs' counsel 252 pages of exhibits purporting to be client records relating to these trades, and now seek to re-open discovery and to re-litigate this case by changing their story.

Plaintiffs object to this maneuver in its entirety. Defendants' letter motion should be denied and briefing on damages should proceed according to the schedule set by the Court. To the extent Defendants oppose Plaintiffs' damages calculations based on the supposed recently discovered evidence, Plaintiff will object to the introduction of this evidence as inadmissible and irrelevant.

Very truly yours,

*s/ David Lopez*
David Lopez

cc (via ECF):  all counsel