USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br><br> ECF Case |
| Related to: | |
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br><br> ECF Case |

The United State District Court for the Southern District of New York presents its compliments to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in *Exhibit A-1* (attached hereto) upon MintBroker International, Ltd. ("MintBroker" or the "Company"), via its appointed Joint Official Liquidators, for use in a civil proceeding before this Court in the above-captioned matters.

2

I.  **REQUEST**

This Court respectfully requests the assistance described herein as necessary in the interest of justice. The assistance requested is for the Appropriate Judicial Authority of The Commonwealth of The Bahamas to effect service (and, if necessary, enforcement) of a Subpoena for production of documents upon MintBroker, via its appointed Joint Official Liquidators as follows:

> MintBroker International, Ltd.
> c/o Igal Wizman and Eleanor Fisher, Joint Official Liquidators
> Ernst & Young
> Caves Corporate Centre, West Bay Street & Blake Road,
> Nassau, Bahamas
> c/o Warren E. Gluck
> 31 West 53nd Street
> New York, NY 10019

The Appropriate Judicial Authority of The Commonwealth of The Bahamas is requested to serve the above-mentioned Subpoena, requesting the documents identified in *Exhibit A-1*, by personal service into the hands of a director, managing agent or other person authorized to accept service or in any manner of service consistent with the laws of The Commonwealth of The Bahamas (the "Bahamas").

II.  **FACTS OF THE CASE**

MintBroker is a named Defendant in two related lawsuits in the U.S. District Court for the Southern District of New York: *Avalon Holdings Corp. v. Guy Gentile, et al.*, 1:18-cv-07291 and *New Concept Energy, Inc. v. Guy Gentile, et al.* 1:18-cv-08896. At all times relevant, MintBroker has had its principal place of business in the Bahamas and its documents and Company records, which are relevant to the issues presented in this inquest on damages, are located in the Bahamas.

Pursuant to an inquest on damages, Defendants (MintBroker and Gentile) have been ordered to produce certain MintBroker records, or risk preclusion of other post-discovery evidence

3

potentially providing a basis for reducing the Plaintiffs' requested damages award. The MintBroker records sought are inaccessible to Gentile, and have been since March 2020, as MintBroker is presently subject to a liquidation by which Company documents are under the supervision and control of Joint Official Liquidators ("JOLs") appointed by the Supreme Court of the Bahamas. Counsel for the JOLs has represented that the letters rogatory process is the sole mechanism to obtain MintBroker documents in this litigation.

**This Court expresses its willingness to provide similar assistance to the Appropriate Judicial Authority of The Commonwealth of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Appropriate Judicial Authority in The Commonwealth of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

October 18, 2022

                                            **Robert W. Lehrburger**

                                            _____

                                            **United States Magistrate Judge**

**SUBPOENA ATTACHMENT**

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., by and through its Joint Official Liquidators shall produce for discovery, inspection, and photocopying the documents and things described herein at the offices of Ford O'Brien Landy LLP, 275 Madison Avenue, 24th Floor, New York, New York 10016.

I. **DEFINITIONS**

1. "MintBroker" means MintBroker International, Ltd., and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of MintBroker or pursuant to its direction.

2. "Guy Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal, director or officer, or otherwise controls or controlled.

3. "You" or "Your" shall refer to MintBroker International, Ltd., ("MintBroker") and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of MintBroker or pursuant to its direction, including MintBroker's Joint Official Liquidators ("JOLs") and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of the JOLs.

4. "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity. Plurals and singulars are used interchangeably.

5. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. Any reference to "Fed. R. Civ. P." means the United States Federal Rules of Civil Procedure. Such references are included for purposes of defining the meaning or scope of their accompanying terms.

8. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

9. The "Relevant Period" shall be from January 1, 2015 through the present. Unless a different period of time is specified, all requests shall be for documents created, modified, sent, or received during the Relevant Period.

## II.   INSTRUCTIONS

1. This Subpoena calls for all documents in Your possession, custody or control, regardless of where such documents are located.

2. This request is continuing in nature. Any information or documents called for by this request that You obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions.

3. In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise

be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

4. You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format.

5. If You object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

   a) date;
   b) names of persons present;
   c) subject matter;
   d) location or custodian; and
   e) the basis on which the privilege is claimed.

6. If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

   a) the type of document;
   b) the type of information contained therein;
   c) the date(s) on which it was created;
   d) the sender(s) and recipient(s), if applicable;
   e) the date (or approximate date) on which it ceased to exist;
   f) the circumstances under which it ceased to exist;
   g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
   h) the identity of all persons having knowledge of the contents of such document; and
   i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

7. Each request shall be answered fully unless it is subject to a good-faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only and respond to the remainder of the request.

8. If any document sought by these document requests once was, but no longer is, within Your possession, custody, or control, please identify each such document and its present or last known custodian and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft, or other disposal of the document.

9. These requests are ongoing in nature and You should continue to produce responsive documents as they are found or created on an ongoing basis.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:** All documents sufficient to show customer account statements and financial records for all MintBroker customers that transacted trades in Avalon Holdings, Corp. (ticker: AXW) and/or New Concept Energy Inc. (ticker: GBR).