December 21, 2022

<u>**Via ECF**</u>
Hon. Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

**Re:** *Avalon Holdings Corp. v. Gentile* et. al., No. 18-cv-7291-VSB (S.D.N.Y.);
& *New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896 (S.D.N.Y.)

**Joint Pre-Hearing Letter**

Dear Judge Lehrburger:

As directed in Paragraph 8 of Your Honor's Order dated September 23, 2022 (Avalon Dkt #137; New Concept Dkt #127), the parties submit this joint pre-hearing letter in advance of the damages inquest hearing scheduled for February 1-2, 2023.

> **(i)** <u>**Witness list**</u> *(including whether they will be live or by deposition; if by deposition, the parties must designate deposition testimony and identify any portions to which the opposing party objects and the basis for the objection)*

<u>**Agreed witnesses:**</u>

- **Guy Gentile**
- **Brandon Beresford**
- **Robert Christian\***

**\*** <u>Gentile's position</u>: Mr. Christian's additional deposition, and the inquest hearing, cannot go forward given the present stay in place as to MintBroker. (See outstanding motions noted at pt (iii) of this letter.) If the Court denies the requested stay, Gentile agrees to make Christian available for an additional deposition.

**\*** <u>Plaintiffs' position</u>: insist on continuing the deposition of Mr. Christian, as the Court ordered, and object to his testimony unless his additional deposition is completed prior to January 17, 2023 (two weeks before the inquest hearing is scheduled to begin on February 1, 2023). If the Court denies Gentile's motion to adjourn the inquest hearing, Plaintiffs intend to object to the submission of any deposition transcripts, testimony, affidavits, and reports (including exhibits) submitted by Mr. Christian, unless Mr. Christian appears for a continued deposition two weeks before the inquest hearing and also agrees that Mr. Christian will present live testimony (in person or via Zoom) at the hearing.

<u>**Disputed witnesses:**</u>

- **Stephen Darville**:
    - <u>Plaintiffs' Position:</u> As further stated at pt. (ii) below, Plaintiffs insist that Stephen Darville appear for a deposition prior to the hearing (i.e., on or before January 17, 2023), and present live testimony at the hearing. Plaintiffs intend to file a motion

*in limine* to exclude all of the "new evidence" concerning "client trading," and any testimony and/or reports concerning that new evidence should be excluded. Plaintiffs also intend to intend to move to exclude all new evidence on the grounds that the evidence Gentile seeks to introduce was in his possession, custody, or control at all times during discovery and is contrary to facts he stipulated and admitted in discovery. See further discussion at pt. (iii) below.

- o <u>Gentile's Position:</u> Gentile insists that Mr. Darville's affidavit should be admitted as an exhibit at the hearing and that his live testimony is not necessary. Alternatively, Gentile has transmitted the Letter Rogatory for Mr. Darville's deposition, issued by Your Honor on November 29, 2022, to the U.S. Department of State for proper transmittal to the appropriate judicial authority of the Bahamas and insists that, to the extend he risks preclusion of any evidence, the inquest hearing must be stayed to allow time for the letters rogatory process and to schedule Mr. Darville's deposition.

- **Other witnesses who submitted affidavits in connection with the damages motions submitted by the parties: Edward Cooper, Antonio Collie, and Michael Miller.**
    - o <u>Plaintiffs' Position:</u> Plaintiffs object to the introduction of these witnesses and their affidavits, which consist of unqualified opinions on matters of law and/or hearsay. Plaintiffs submit the subject matter of their proposed testimony is inappropriate, and that their testimony should be excluded, along with their affidavits. Plaintiffs intend to file a motion *in limine* to this effect.

        In addition to Plaintiffs' objections as to substance of the testimony, Plaintiffs also object to the presentation of any testimony by affidavit, as the parties already agreed in open Court.

        (*See* Pre-Hearing Conf. Tr. 9/7/2022 p.41
        [Avalon Dkt #129; New Concept Dkt #118]]):
        > THE COURT: The parties seem to be in agreement of no testimony by affidavit unless for some reason they were to agree. Do I have that right, Mr. Ford?
        > MR. FORD: That would be my position.
        > THE COURT: Ms. Tauber.
        > MS. TAUBER: Yes.

        Plaintiffs also note that Joseph Ely appears to be located in Putnam County, NY.

    - o <u>Gentile's Position:</u> The affidavits of Edward Cooper, Antonio Collie, Joseph Ely, and Michael Miller are admissible at the inquest hearing and their live testimony is unnecessary. These affidavits are relevant to the question of whether evidence showing actual short-swing profits of MintBroker should be admitted into evidence as part of the damages inquest. To the extent Your Honor disagrees and finds their live testimony is required at the hearing, Gentile reiterates his request to adjourn the inquest hearing to, in addition to the reasons set forth in his letter motion [Avalon, Dkt #182; New Concept, Dkt #171], allow time to move for letters

2

rogatory to compel Edward Cooper, Antonio Collie, and Michael Miller to appear at the hearing—given that each is a resident of the Bahamas and each has knowledge of facts relevant to the damages inquest.

- **All witnesses must appear live (either in-person or via Zoom or other remote videoconferencing software) at the inquest hearing to give testimony on damages.**
  - <u>Gentile's Position:</u> Gentile disagrees with this proposition to the extent Plaintiffs insist on excluding the affidavits of Stephen Darville, Edward Cooper, Antonio Collie, and Michael Miller in the event these individuals, who are in no way subject to Gentile's control, are unable or unwilling to appear at the inquest hearing. To the extent these individuals testify as a result of the outstanding letters rogatory, Gentile consents to zoom depositions for those individuals.

- **Any portion of the deposition transcripts taken in anticipation of the hearing may be introduced by the parties in connection with that witnesses' testimony at the hearing.**

   (ii)   **Exhibit list**
   *(including whether the opposing party objects and the basis for the objection)*

**The parties agree that the following exhibits may be introduced:**

**Gentile's Proposed Exhibits (and Plaintiffs' Objections)**

| Ex. No. | Description | Plaintiffs' Objection | Specific Basis for Objection |
|---|---|---|---|
| DX-1 | Robert Christian's Independent Accountant's Report | 1) Inadmissible if Christian does not appear to continue his deposition by 1/17/2023.<br><br>2) Inadmissible if Darville does not appear for deposition by 1/17/2023 and at the hearing to give live testimony. | 1) Per Court order.<br><br>2) Christian's report and their analysis is entirely based on data accessed, transmitted, and as explained by Darville. Darville is the only witness who can testify to the completeness and accuracy of the underlying data. |
| DX-2 | Exhibit A to Robert Christian's Independent Accountant's Report - Analysis of buy and sell orders of GBR by Mint International Ltd | See DX-1 | See DX-1 |

3

|  |  |  |  |
|---|---|---|---|
|  | during period 6/29/2018 thru 8/3/2018 |  |  |
| DX-3 | Exhibit B to Robert Christian's Independent Accountant's Report- Analysis of buy and sell orders of AWX by Mint International Ltd during period 6/29/2018 thru 8/3/2018 | See DX-1 | See DX-1 |
| DX-4 | Exhibit C to Robert Christian's Independent Accountant's Report - Calculation of Short Swing Profits (same methodology as plaintiff presented in "Exhibit M") | See DX-1 | See DX-1 |
| DX-5 | Exhibit D to Robert Christian's Independent Accountant's Report- Calculation of Short Swing Profits (assuming $0 basis and 0 shares held upon entering and exiting 10% ownership window) | See DX-1 | See DX-1 |
| DX-6 | Exhibit E to Robert Christian's Independent Accountant's Report- Summary of GBR trade activity between 6/29/2018 and 8/3/2018 by account | See DX-1 | See DX-1 |
| DX-7 | Exhibit F to Robert Christian's Independent Accountant's Report - Summary of AWX trade activity between 6/29/2018 and 8/3/2018 by account | See DX-1 | See DX-1 |
| DX-8 | AWX – In Scope Population (Excel) | See DX-1 | See DX-1 |
| DX-9 | AWX- 2nd Circuit Analysis (Excel) | See DX-1 | See DX-1 |
| DX-10 | AWX – Actual Profit Analysis (Excel) | See DX-1 | See DX-1 |
| DX-11 | GBR – In Scope Population (Excel) | See DX-1 | See DX-1 |
| DX-12 | Robert Christian's Notarized Affidavit dated May 19, 2022 | See DX-1 | See DX-1 & DX-13 |
| DX-13 | Guy Gentile's Notarized Affidavit dated May 19, 2022 | Inadmissible | Parties have agreed that no testimony will be introduced by affidavit. |

| | | | |
|---|---|---|---|
| DX-14 | Exhibit A to Guy Gentile's Notarized Affidavit dated May 19, 2022 | | |
| DX-15 | Exhibit B to Guy Gentile's Notarized Affidavit dated May 19, 2022 | | |
| DX-16 | Exhibit C to Guy Gentile's Notarized Affidavit dated May 19, 2022 | | |
| DX-17 | Exhibit D to Guy Gentile's Notarized Affidavit dated May 19, 2022 | | |
| DX-18 | Exhibit E to Guy Gentile's Notarized Affidavit dated May 19, 2022 | | |
| DX-19 | Brendan Beresford's Forensic Accountant's Report | Inadmissible if Darville does not appear for deposition by 1/17/2023 and at the hearing to give live testimony. | Beresford's report and their analysis is entirely based on data accessed, transmitted, and as explained by Darville. Darville is the only witness who can testify to the completeness and accuracy of the underlying data. |
| DX-20 | GBR - Analysis of Beneficially Owned Shares by MintBroker International, Ltd (attachment to Brendan Beresford's Forensic Accountant's Report) | See DX-19 | See DX-19 |
| DX-21 | AWX - Analysis of Beneficially Owned Shares by MintBroker International, Ltd (attachment to Brendan Beresford's Forensic Accountant's Report) | See DX-19 | See DX-19 |
| DX-22 | AWX - Calculation of Short-Swing Profits (attachment to Brendan Beresford's Forensic Accountant's Report) | See DX-19 | See DX-19 |
| DX-23 | Antonio S. Collie's Notarized Affidavit dated May 17, 2022 | Inadmissible | Parties have agreed that no testimony will be introduced by affidavit and witness not made available to testify. Subject matter based on hearsay/unqualified legal opinion. |

| DX-24 | Edward Cooper's Notarized Affidavit dated May 9, 2022 | See DX-23 | See DX-23 |
| DX-25 | Joseph Leo Ely III's Notarized Affidavit dated April 29, 2022 | See DX-23 | See DX-23 |
| DX-26 | Michael C. Miller's Notarized Affidavit dated May 17, 2022 | See DX-23 | See DX-23 |
| DX-27 | Robert Christian's Notarized Affidavit dated May 26, 2022 | Inadmissible | See DX-1 & DX-13 |
| DX-28 | Stephen Darville's Notarized Affidavit dated May 4, 2022 | Inadmissible | See DX-23 |
| DX-29 | Transcript from Deposition of Guy Gentile on October 26, 2022 | | |
| DX-30 | Transcript from Deposition of Robert Christian on October 28, 2022 | | |
| DX-31 | Transcript from Deposition of Brendan Beresford on November 11, 2022 | | |
| DX-32 | Transcript from Deposition of Guy Gentile on February 24, 2020 | | |

Plaintiffs reserve all objections as *to all of the above evidence* as available to Gentile during discovery and contrary to facts stipulated and admitted during discovery. Plaintiffs intend to move to exclude as further discussed at pt (iii).

**Plaintiffs' Proposed Exhibits** (and Gentile's Objections)

**A. Original Discovery Deposition Transcripts**
1. Deposition Tr., of Guy Gentile (Feb. 24, 2020) [Full Tr. filed at Avalon Dkt #112-1)
2. Deposition Tr., of Interactive Brokers, Inc. (B. Klauseger, F.R.C.P. 30(b)(6) witness) (May 27, 2020)

**B. Plaintiffs' Motion for Summary Judgment Exhibits**
3. Joint Stipulation (Dkt #62) (May 14, 2020)
4. "Activity Statement" for Interactive Account #UL1043811 (Jan. 1 – Dec. 31, 2018) (Interactive Dep. Ex. #18) [MSJ EX D]
5. "Activity Statement" for Interactive Account #US1043812 (Jan. 1 – Dec. 31, 2018) (Interactive Dep. Ex. #19) [MSJ EX E]
6. Schedule 13Ds for Avalon & New Concept, filed by MintBroker International Ltd. and Guy Gentile (Aug. 22, 2018) (Gentile Dep. Ex. #2) [MSJ EX F]
7. Spreadsheet produced by Defendants for Avalon and New Concept at Bates Nos.: MINT-AWX000001-140 (Gentile Dep. Ex. #3 and #4) [MSDJ EX G]
8. Spreadsheet reflecting combined AWX trading activity from "Activity Statements" (Ex. D & Ex. E) [MSJ EX H]
9. Historical trading data and graph from Yahoo finance for Avalon & New Concept [MSJ EX I]

10. Roberto Ricco, "Squeezing the Shorts in Small Cap Stocks" (Bocconi Univ. Nov. 21, 2019) [MSJ EX J]
11. Message from Interactive re: closing of Defendants' accounts (Oct. 31, 2019) [MSJ EX K] (Also Gentile 2/24/2020 Dep. Ex. #13)
12. Deltec Bank account information (Mar. 13, 2018) Gentile Dep. Ex. #14) [MSJ EX L]
13. Plaintiff's Computation of Profits for Avalon and New Concept (based on Ex. D & Ex. E as consolidated in Ex. M.) [MSJ EX M]
14. The Tribune, Commission Faces Battle Over Broker's Winding Up (April 8, 2020) [MSJ EX N]
15. Text of Regulation SHO, 17 C.F.R. § 242.200 [MSJ EX O]
16. SEC publication: "Key Points About Regulation SHO" (April 8, 2015) [MSJ EX P]

**C.   2/24/2020 Gentile Deposition Exhibits**
17. Interactive Brokers Account statements (Gentile Dep Ex #5 and #6)
18. Mintbroker website screenshot [Gentile Dep Ex #7]
19. Defendants' 2nd Interrogatory Responses [Gentile Dep Ex #10]
    & original 2nd Interrogatories
20. IB Surveillance email (Gentile Dep Ex #11)
21. Franklin Ogele letter (Gentile Dep Ex #12)
22. Mintbroker portfolio report (Gentile Dep EX #15)
23. NYSE Complaint log (Gentile Dep Ex #16)
    & NYSE cover letter enclosing production, 1/21/2020
24. IB Email re long/short positions (Gentile Dep Ex #17)

**D.  5/27/2020 IB Deposition Exhibits**
25. MintFunds compliance correspondence (IB Ex #14)
26. Email re GBE borrows (IB Ex 23)
27. Compliance communications (IB Ex 25)

**E.   Damages Motion Exhibits**
    Pl Damages Motion
28. Ex 1 (Avalon / New Concept 10Q)

    Pl Damages Reply
29. Ex 3 (Prop Trading Definition)
30. Ex 4 (Stipulation email)
31. Ex 5 (RFA Responses)
    & original RFAs
32. Ex 6 Rolle letter, 9/18/2019
33. ETC production file cited at chart on p.19 of Plaintiffs' Reply Brief
    & ETC discovery response cover letter, 4/6/2020

**F.  Damages Inquest Depositions**
34. Gentile Dep. Tr. (10/26/2022)
35. Christian Deposition Tr. (10/28/2022)
36. Beresford Deposition Tr.  (11/11/2022)

**G. Damages Deposition Exhibits**
37. Ex 2 Winding up Petition) (Also Christian Ex 20)
38. Ex 9 Email re customer orders & 9A (spreadsheet attachment)
39. Ex 21 SEC Staff Bulletin re Omnibus accounts

Gentile's objections: Plaintiffs' counsel sent this document to Gentile's counsel at 8:00 p.m. the day it was due and therefore Gentile's counsel were not provided sufficient time to review Plaintiffs' proposed exhibits for the purpose of objecting.

- Plaintiffs' response: The parties conferred by phone yesterday and described the types of exhibits they would on this letter (which Plaintiffs' counsel had otherwise already drafted and sent to Gentile's counsel on Friday, December 16, 2022—the original extended deadline requested by the parties). **Gentile's counsel sent Plaintiffs Defendant's itemized exhibit list today at 3:30 PM (EST). Plaintiffs' counsel sent Gentile's counsel Plaintiffs' exhibit list at 4:50 PM (EST).** (Plaintiffs' counsel understands that Defendants' counsel Matthew Ford is based in Texas where it is 1 hour earlier.) At 8:00PM, Plaintiffs' counsel circulated a final proposed copy of this letter, which included both lists. Gentile's counsel's statement that he first saw Plaintiffs' exhibit list or any other portion of "this document" at 8:00 PM EST today is an outright lie.

**(iii)   Issues for resolution prior to hearing:**

**The parties refer to the following outstanding motions:**

- Plaintiffs' supplemental motion to continue the deposition of Robert Christian (Avalon Dkt #179; New Concept Dkt #168)

- Gentile's motions to adjourn the inquest hearing and stay discovery (Avalon Dkt # 182, 183; New Concept Dkt #171, 172)

- Plaintiffs' opposition to Gentile's motion to adjourn/stay (Avalon Dkt #186; New Concept Dkt #175)

**Additional Issues Raised by Plaintiffs:**

Gentile's witness Stephen Darville has still not appeared for the deposition noticed by Plaintiffs or the deposition sought by Gentile through the letters rogatory process. Gentile testified that he contacted Mr. Darville and directed him to provide the "new" evidence submitted in support of Gentile's damages calculations as analyzed and computed by his retained experts Robert Christian and Brendan Beresford. Nonetheless, Gentile claims that once Plaintiffs sought depose him, Darville became unresponsive to Gentile's further attempts to contact him, and Gentile is now using the letters rogatory process to obtain his testimony.

8

Plaintiffs remind the Court that Mr. Darville is the only one of Defendant's witnesses who claims to have directly retained, collected, and transmitted the new "data" relied on by Gentile and each of his experts, and according to both of the experts, Darville is the only one with direct knowledge of whether the data is complete or accurate.

Plaintiffs again respectfully submit that if Mr. Darville cannot be produced for a deposition by January 17, 2023 – two weeks prior to the scheduled start of the damages inquest hearing on Feb 1, 2023, then Plaintiff intends to file a motion *in limine* to exclude Darville's affidavit, and the new data attached to his affidavit, from the Court's consideration. Preclusion should also extend to any testimony and any report based on that "new" evidence. Plaintiffs believe that **if Gentile's "new" data cannot be properly introduced, summary judgment should be granted for Plaintiffs on the record before the Court.**

Plaintiffs also intend to move to exclude all of the additional evidence on the grounds that all of the "new" evidence submitted by Gentile, including the witnesses whose testimony Gentile proposes to introduce by affidavit (contrary to his express agreement on procedure as stated to the Court), along with Mintbroker's complete client account records that are highly relevant to the assertions made by Gentile in connection with the instant hearing on damages and have still not been produced were available him during discovery. Instead of producing (or at a minimum, consulting) this evidence during discovery, Gentile inexcusably entered into a Stipulation of Fact for Purposes of Summary Judgment and responded to Plaintiffs' discovery requests with Admissions directly contrary to the facts he now seeks to introduce.

**Additional Issues Raised by Defendants:**

Gentile disagrees with Plaintiffs' position that summary judgment can be granted on the record before the court. The district court has ordered a damages inquest which requires a full record. The parties have done everything possible to obtain the full evidentiary record, but the international nature of these events has made the process more cumbersome. Gentile does not believe a finding of the actual damages can be made without the additional evidence the parties are waiting for. As explained in multiple affidavits, Gentile lacked access to MintBroker documents and information during discovery as a result of MintBroker's then-ongoing provisional liquidation in the Bahamas, which Gentile was actively challenging. Representations and arguments made by counsel were based on information and documents available at the time. After MintBroker was placed in official liquidation in or around December 2021 or January 2022, Gentile was able to obtain access to certain records relevant to the damages inquest. These documents should be admitted as they represent MintBroker's actual short-swing profits.

For these reasons, and those set forth in Gentile's letter motion, [Avalon, Dkt #182; New Concept, Dkt #171], Gentile insists that the inquest hearing be adjourned.

9

**Technology Requirements:**

- **The parties request Zoom/videoconferencing capabilities to present live remote witness testimony.**

- **The parties also request screen sharing capabilities that will permit live and remote witnesses and the Court to view exhibits on a screen for reference during the hearing, as certain exhibits are too voluminous to be printed in hard copy format.**

Jointly respectfully submitted,

*/s/ Miriam Tauber*                                   */s/ Matthew Ford*

Miriam Tauber                                          Matthew Ford
*Attorney for Plaintiffs*                              *Attorney for Defendant Guy Gentile*
*Avalon Holdings Corp.*
*and New Concept Energy, Inc.*