

**FORD O'BRIEN LANDY** LLP

June 26, 2023

**Via ECF**
Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Denied.*

*Denise Cote*
*7/25/23*

Re: *Avalon Holdings Corporation v. Gentile* and *New Concept Energy v. Gentile*,
1:18-cv-07291-DLC-RWL and 1:18-cv-08896-DLC-RWL

Dear Judge Cote:

My firm represents Guy Gentile, Defendant in the two related, above-referenced actions, and we write to respectfully request a stay of all proceedings in both actions pending a decision from the Second Circuit in *Packer v. Raging Capital Management, LLC*, No. 23-367 (2d Cir.) (appeal docketed Mar. 15, 2023). As explained more fully below, the *Packer* appeal involves a controlling question of law, and if the Second Circuit affirms the lower court's decision—which we expect it will—it will necessarily require dismissal of these actions in Gentile's favor. Accordingly, the interest in conserving the resources of both the Court and those of counsel weighs strongly in favor of a stay while *Packer* is pending.[1]

It is well settled that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *E.g., LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). And "[c]ourts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case." *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-CV-10393, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021) (collecting cases).

In other words, a lower court "has the discretion to grant a stay . . . 'where a higher court is close to settling an issue of law bearing on the action.'" *Whyble v. Nature's Bounty's Co.*, No. 20 CIV. 3257 (NSR), 2022 WL 46673, at *1 (S.D.N.Y. Jan. 5, 2022) (quoting *Estate of Heiser v.*

---

[1] On March 28, 2023, Judge Lehrburger previously denied a stay of these proceedings pending a decision from the Second Circuit in *Packer*, in part because the parties were in the midst of post-hearing briefing following a two-day damages inquest. ECF No. 215. But now such briefing is complete, Packer has filed his opening appellate brief in the Second Circuit, and the Securities and Exchange Commission ("SEC") has appeared in the *Packer* appeal.

*Deutsche Bank Trust Co. Ams.*, No. 11 CIV. 1608, 2012 WL 5039065, at *5 (S.D.N.Y. Oct. 17, 2012)). In deciding whether to grant a stay, courts typically assess:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;
>
> (2) the private interests of and burden on the defendants;
>
> (3) the interests of the courts;
>
> (4) the interests of persons not parties to the civil litigation; and
>
> (5) the public interest.

*Id.* at *2 (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

Here, the only factors implicated point in favor of granting a stay until the Second Circuit resolves the controlling question of law squarely presented in *Packer*. The operative complaints in these cases both assert causes of action against Mr. Gentile predicated on Section 16(b) of the Securities and Exchange Act of 1934 ("the Exchange Act"). *See generally* Am. Compl., *Avalon*, ECF No. 19; Compl., *New Concept*, ECF No. 7. Both complaints purport to satisfy the statutory requirements for allegations under Section 16(b), but neither alleges any facts plausibly demonstrating a concrete or particularized injury to the Plaintiffs arising from the alleged violations. In other words, neither complaint pleads injury in fact as required to establish Article III standing under binding Supreme Court precedent.

A few months ago, on March 13, 2023, the Eastern District of New York (Wicks, J.) dismissed a complaint alleging a violation of Section 16(b) in materially indistinguishable circumstances. More specifically, relying on the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), Judge Wicks concluded that—without a showing of concrete harm—an alleged violation of Section 16(b) alone is insufficient to confer Article III standing. *See Packer on behalf of 1-800 Flowers.com, Inc. v. Raging Cap. Mgmt., LLC*, No. 15-CV-05933 (JMW), 2023 WL 2484442, at *10 (E.D.N.Y. Mar. 13, 2023). According to Judge Wicks, the Supreme Court's decision in *TransUnion* effectively overruled the Second Circuit's prior suggestion in *Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170 (2d Cir. 2012) (cert. denied), that a technical violation of Section 16(b) is sufficient to confer Article III standing.

Packer filed his opening brief in the Second Circuit last Thursday, June 22, 2023. *Packer*, ECF No. 31. Highlighting the importance of the issue raised, the next day, Friday, June 23, 2023, the SEC filed an appearance to participate as *amicus curiae* in the appeal. *Id.*, ECF No. 33. And appellees have requested a deadline of September 21, 2023, for their brief, *id.*, ECF No. 36. Briefing of the appeal will most likely be completed in the coming months, and it is possible the Second Circuit will issue a decision by the fall or the end of this year.

As mentioned above, both operative complaints here allege violations of Section 16(b) but neither alleges any injury in fact, just as the complaint dismissed in *Packer*. If the Second Circuit affirms dismissal in *Packer*, the decision will compel dismissal here. Absent issuance of a stay, the Court as well as the parties are likely to expend significant resources that may very well amount to naught. Neither the public interest nor the interest of any person not party to the litigation counsels in favor of denying a stay.

The parties have conferred, and Plaintiffs' counsel opposes the request for a stay.

Respectfully submitted,

Matthew A. Ford
275 Madison Avenue, 24th Floor
New York, NY 10016
(212) 858-0040
mford@fordobrien.com