UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORPORATION,<br><br>        Plaintiff,<br><br> -against-<br><br>GUY GENTILE and MINTBROKER INTERNATIONAL, LTD.,<br><br>        Defendants. | 18-CV-7291 (DLC)(RWL)<br><br>18-CV-8896 (DLC)(RWL) |
| NEW CONCEPT ENERGY, INC.,<br><br>        Plaintiff,<br><br> -against-<br><br>GUY GENTILE and MINTBROKER INTERNATIONAL, LTD.,<br><br>        Defendants. | |

**DEFENDANT GUY GENTILE'S OPPOSITION TO PLAINTIFFS' PRE-JUDGMENT INTEREST CALCULATIONS**

12402656-4

Table of Contents

Page

Introduction ...................................................................................................................................1

Argument ......................................................................................................................................2

    ANY AWARD OF PREJUDGMENT INTEREST SHOULD BE CONSISTENT
    WITH FEDERAL POST-JUDGMENT INTEREST RATES ............................................2

Conclusion ....................................................................................................................................8

Table of Authorities

Page

CASES

*Algie v. RCA Glob. Commc'ns, Inc.*,
 891 F. Supp. 875 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995) ....................................... 3

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
 No. 06CIV.2692KMWRLE, 2008 WL 4443828 (S.D.N.Y. Sept. 29, 2008),
 *aff'd*, 684 F.3d 36 (2d Cir. 2012) ........................................................................................ 2, 5

*Avalon Holdings Corp. v. Gentile*,
 No. 18CV7291 (DLC), 2024 WL 449278 (S.D.N.Y. Feb. 5, 2024) ........................................ 2

*Donoghue v. Casual Male Retail Grp., Inc.*,
 375 F. Supp. 2d 226 (S.D.N.Y. 2005) .................................................................................... 2

*Dreiling ex rel. Infospace, Inc. v. Jain*,
 281 F. Supp. 2d 1234 (W.D. Wash. 2003) ............................................................................. 4

*James v. Nat'l R.R. Passenger Corp.*,
 No. 1:02-CV-03915-RJH, 2005 WL 6182322 (S.D.N.Y. Mar. 28, 2005) .............................. 7

*Jones v. UNUM Life Ins. Co. of Am.*,
 14 F. App'x 44 (2d Cir. 2001) ................................................................................................ 4

*Jones v. UNUM Life Ins. Co. of Am.*,
 223 F.3d 130 (2d Cir. 2000) ................................................................................................... 3

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
 No. 03 CIV. 2175 SAS, 2013 WL 105776 (S.D.N.Y. Jan. 9, 2013) ...................................... 4

*Rai v. WB Imico Lexington Fee, LLC*,
 No. 09 CIV. 9586 (PGG), 2014 WL 12899673 (S.D.N.Y. May 12, 2014) ............................ 3

*Roth v. Jennings*,
 No. 03 CIV. 7760 (DAB), 2009 WL 1440670 (S.D.N.Y. May 21, 2009) ...................... 1, 4, 5

*S.E.C. v. Brethen*,
 No. C-3-90-071, 1992 WL 420867 (S.D. Ohio Oct. 15, 1992) .............................................. 4

STATUTES

28 U.S.C. § 1961 ............................................................................................................... passim

Securities Exchange Act of 1934 § 16, 15 U.S.C. § 78p(b) .............................................. passim

Defendant Guy Gentile ("Mr. Gentile") respectfully submits the following opposition to Plaintiffs' submission of revised pre-judgment interest calculations, dated February 23, 2024 (the "Mot.").

Introduction

Plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept" and together with Avalon, "Plaintiffs") seek nearly $4 million in pre-judgment interest as a supplement to a disgorgement award of over $12.3 million. Although courts typically apply the rate set forth in 28 U.S.C. § 1961 to prejudgment interest for federal claims, Plaintiffs ask this Court to apply the IRS underpayment rate, compounded quarterly. Plaintiffs thus position themselves as the equivalent of the U.S. Government and argue that the same interest that applies when someone withholds payment from his or her country, should apply to their Section 16 claims. But Plaintiffs are private businesses who have never claimed any injury or loss apart from the statutory violation. The compounded interest they seek would award a windfall on a windfall. The principal authority on which Plaintiffs rely, *Roth v. Jennings,* No. 03 CIV. 7760 (DAB), 2009 WL 1440670 (S.D.N.Y. May 21, 2009), is derived from a ruling on an unopposed default motion.

To the extent that Plaintiffs suggest that high interest is appropriate to compensate for alleged extra legal work to recover the disgorgement award, that suggestion has no merit. Plaintiffs received an award of attorneys' fees, which they waived. (Mot. at 1, 7-8.) The Court should hold Plaintiffs to their waiver and not permit an elevated interest rate to compensate for legal fees.

At most, this Court should award Plaintiffs prejudgment interest at the rate pursuant to 28 U.S.C. § 1961, from the date their claims accrued. Interest at this rate would put Plaintiffs in substantially the same position as if each had been awarded a judgment at the outset of the case. Using this rate, Mr. Gentile would owe $814,421.41 in pre-judgment interest for Avalon through

March 15, 2024 (plus $420.42 for each day thereafter), and $797,693.47 for New Concept through March 15, 2024 (plus $366.59 for each day thereafter).

Argument

ANY AWARD OF PREJUDGMENT INTEREST
SHOULD BE CONSISTENT WITH FEDERAL POST-JUDGMENT INTEREST RATES

"The decision of whether interest should be awarded in a particular Section 16(b) action is within the discretion of the Court . . . Because 'Section 16(b) says nothing about interest one way or the other,' the Supreme Court has held that interest should be 'given in response to considerations of fairness'" and "denied when its exaction would be inequitable.'" *Donoghue v. Casual Male Retail Grp., Inc.*, 375 F. Supp. 2d 226, 238 (S.D.N.Y. 2005). "Courts are disinclined to award pre-judgment interest when defendants, although liable, have not acted in bad faith (i.e., abused inside information)." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, No. 06CIV.2692KMWRLE, 2008 WL 4443828, at *17 (S.D.N.Y. Sept. 29, 2008), *aff'd*, 684 F.3d 36 (2d Cir. 2012). Even where "[d]efendants have prolonged proceedings by denying liability," if defendants did not "act[ ] with wrongful intent in entering into the short-swing transaction at issue," then there is no bad faith and courts are disinclined to award prejudgment interest. *Donoghue v. Casual Male Retail Grp., Inc.*, 375 F. Supp. 2d 226, 238 (S.D.N.Y. 2005). Here, there can be no dispute that Mr. Gentile did not "abuse[ ] inside information" in connection with the trades at issue. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 2008 WL 4443828, at *17. Nonetheless, this Court held that an award of prejudgment interest would be proper because Mr. Gentile "did not violate § 16(b) inadvertently and repeatedly delayed this litigation." *Avalon Holdings Corp. v. Gentile*, No. 18CV7291 (DLC), 2024 WL 449278, at *5 (S.D.N.Y. Feb. 5, 2024).

Where a Court elects to award prejudgment interest, the rate of prejudgment interest granted is subject to the Court's "broad discretion." *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995). "In exercising such discretion, the court is to take into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.'" *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). And "[i]n deciding whether an award of prejudgment interest is warranted, it must be remembered that this is an equitable remedy and courts must be careful that an award does not overcompensate a plaintiff." *Com. Union Assur. Co., plc v. Milken*, 17 F.3d 608, 614 (2d Cir. 1994). Thus, when considering the interest rate for prejudgment interest, the Court's discretion must be "guided by the understanding that the aim of the relief awarded is to make the plaintiffs whole, but not to give them a windfall." *Algie v. RCA Glob. Commc'ns, Inc.*, 891 F. Supp. 875, 899 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d Cir. 1995).

The U.S. Code does not establish a prejudgment interest rate that governs federal claims. In response, "'[m]ost commonly, courts have borrowed the statutory post-judgment interest rate specified in 28 U.S.C. § 1961(a) in order to calculate pre-judgment interest.'" *Rai v. WB Imico Lexington Fee, LLC*, No. 09 CIV. 9586 (PGG), 2014 WL 12899673, at *4 (S.D.N.Y. May 12, 2014). Less frequently, courts have awarded "prejudgment interest at higher rates . . . for reasons that are not applicable here, including as a mechanism to force a defendant to disgorge 'benefits ... derived from its fraud,' to prevent a windfall to defendants 'where defendants have had the use of the money,' and to reflect 'the reprehensibility of [a] defendant['s] conduct.'" *Id*. *See also Algie v. RCA Glob. Commc'ns, Inc.*, 891 F. Supp. at 899 ("the federal rate is more appropriately used

3

here since it provides a closer approximation of the likely return on plaintiffs' unpaid benefits since 1988"); *Jones v. UNUM Life Ins. Co. of Am.*, 14 F. App'x 44, 46 (2d Cir. 2001) (affirming application of prejudgment interest rate at the rate set forth in 28 U.S.C. § 1961). Courts have applied that same rate to federal securities claims, including claims under Section 16(b). *See, e.g.*, *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 CIV. 2175 SAS, 2013 WL 105776, at **1-4 (S.D.N.Y. Jan. 9, 2013) (for federal securities law claims under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5, as well as state law violations, awarding prejudgment interest based on the average rate of return on one-year Treasury bills as set forth in 28 U.S.C. § 1961, stating that "when 'a judgment is based on violations of both federal and state law, courts in this circuit uniformly have applied a federal interest rate, most commonly based on the average rate of return on one-year Treasury bills . . . for the relevant time period'"); *Dreiling ex rel. Infospace, Inc. v. Jain*, 281 F. Supp. 2d 1234, 1241 (W.D. Wash. 2003) (applying rate set forth in 28 U.S.C. § 1961 to prejudgment interest for claims under Section 16(b)); *S.E.C. v. Brethen*, No. C-3-90-071, 1992 WL 420867, at *23 (S.D. Ohio Oct. 15, 1992) (awarding prejudgment interest on claims pursuant to § 17(a), § 10(b) and Rule 10b–5 in accordance with 28 U.S.C. § 1961).

Plaintiffs argue that prejudgment interest should instead be the IRS underpayment rate, compounded quarterly. In doing so, they rely primarily on cases in which the plaintiff was the government (*i.e.*, the Securities and Exchange Commission), and thus more analogous to the IRS than the private plaintiffs. (*See* Mot. at 4.) Plaintiffs cite only one case in which a private plaintiff was awarded the IRS underpayment rate in connection with a Section 16(b) claim., *Roth v. Jennings*, No. 03 CIV. 7760 (DAB), 2009 WL 1440670 (S.D.N.Y. May 21, 2009). In that case, counsel for Jennings withdrew after the Second Circuit remanded the case and a default judgment was awarded. Both the Decision and the Report and Recommendation by the Magistrate Judge

4

came without any opposition. The District Court acknowledged that it could apply the rate of interest set forth in Section 1961, but approved of the higher IRS underpayment rate where, *inter alia*, the Court found the default judgment "serve[d] as some evidence of bad faith in connection with the transactions at issue." *Id*. at *6. Here, there is no evidence that Mr. Gentile engaged in bad faith, which Courts have interpreted to mean the "abuse [of] inside information" in connection with the trades at issue. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 2008 WL 4443828, at *17. The Court's ruling in *Jennigs* surely has the same meaning. Defendant Jennings prevailed on a motion to dismiss, which the Second Circuit later reversed; on remand, his counsel withdrew. No claim was ever made that Jennings delayed the case.

Plaintiffs' interest computation, moreover, comes without any showing of financial injury to either Plaintiff or any evidence that Mr. Gentile abused inside information. For example, neither Plaintiff has ever contended that Mr. Gentile possessed – or even had access to – confidential non-public information. Nor has either Plaintiff claimed that Mr. Gentile utilized his share ownership to influence corporate decisions (only that Defendants intended to, but never actually did so). Section 16(b) designates ten percent beneficial owners as "statutory insiders" on the premise that their share ownership provides access to control and/or non-public information, similar to directors and officers. Plaintiffs have never offered evidence of access. Corporate control has never been possible because each Plaintiff is controlled by a single shareholder. In the case of Avalon, the corporation has two classes of voting stock, with the senior class carrying 67% of the votes at a shareholder meeting and guaranteed a majority of the Board in the corporate charter. The senior class of shares has been held by one shareholder from 2018 through the present. *See, e.g.*, Form 14A, filed March 16, 2018 at page 6, available at https://www.sec.gov/Archives/edgar/data/1061069/000143774918004808/awx20180305_def14a.htm; Form 14A, filed March 24, 2023

at page 2, available at https://www.sec.gov/Archives/edgar/data/1061069/000143774923007703/awx20230313_def14a.htm.

The New Concept Energy Form 10-K for the year ended December 31, 2018 discloses that one shareholder beneficially owned 59.63% of the outstanding shares. *See* Form 10-K, filed April 23, 2019, at p. 17, available at https://www.sec.gov/Archives/edgar/data/105744/000101054919000091/nce10-k123118.htm. That shareholder, Realty Advisors Inc., filed a Schedule 13D on June 27, 2018 disclosing its share ownership. *See* Schedule 13D, filed June 27, 2018, available at https://www.sec.gov/Archives/edgar/data/105744/000116552718000135/g8587.htm. In the case of New Concept Energy, the possibility of access to non-public information is remote for an additional reason. That Plaintiff has at all times been a shell, without meaningful business operations. New Concept Energy sold its operating business for $85,000 in August 2020 and has not operated a business since then, apart from owning a single parcel of land that it leases for approximately $9,000 per month. *See* Form 10-Q, filed November 16, 2020, at page 8, Financial Statements at Note D, available at https://www.sec.gov/Archives/edgar/data/105744/000101054920000248/nce10q.htm; Form 10-K, filed March 21, 2023, page 4, available at https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/0000105744/000121465923004059/b32023010k.htm.

Because neither Plaintiff has suffered any actual financial loss, and because Mr. Gentile did not abuse inside information, it would be inappropriate to award an interest recovery in excess of the amount due applying the federal interest rate under 28 U.S.C. § 1961.

The application of a higher interest rate would also unjustly penalize Mr. Gentile for delays that were out of his control. Several factors contributed to the progress of the proceedings, including the COVID-19 pandemic that began in early 2020, and the fact that summary judgment

was initially briefed in October 2020 but not decided until April 2022. The latter delay may well have been a byproduct of the disruptions caused by the pandemic. Mr. Gentile should not be penalized for these delays through compounding interest at rates in excess of 28 U.S.C. § 1961.

Accordingly, Mr. Gentile computes pre-judgment interest using the rate set forth in 28 U.S.C. § 1961. When computing prejudgment interest under 28 U.S.C. § 1961, courts have considered the average U.S. treasury bill interest rate for the period from the date of accrual through the date of judgment, compounded annually. *See James v. Nat'l R.R. Passenger Corp.*, No. 1:02-CV-03915-RJH, 2005 WL 6182322, at *23 (S.D.N.Y. Mar. 28, 2005) (prejudgment interest computation pursuant to 28 U.S.C. § 1961 shall "use the average annual rate of return on one-year T-bills between the time the claim arises and the entry of judgment"). Plaintiffs suggest using a time period of August 1, 2018 through March 15, 2024 for Avalon and July 4, 2018 through March 15, 2024 for New Concept. For the period of August 1, 2018 through March 7, 2024, the average interest rate set forth in 28 U.S.C. § 1961 was 2.206416% (Avalon).[1] For the period of July 4, 2018 through March 7, 2024, the average interest rate set forth in 28 U.S.C. § 1961 was 2.208418% (New Concept). Applying these rates, and compounding annually, Mr. Gentile would owe the following prejudgment interest:

- For Avalon, $814,421.41, plus $420.42 for each day following March 15, 2024.
- For New Concept, $797,693.47, plus $366.59 for each day following March 15, 2024.

---

[1] The applicable interest rates are published by the Federal Reserve and are publicly available at https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.

7

12402656-4

Alternatively, using the rates set forth pursuant to 28 U.S.C. § 1961 as fixed beginning on August 1, 2018 for Avalon (2.42%) and July 4, 2018 for New Concept (2.33%), and compounding annually, Mr. Gentile would owe the following prejudgment interest:

- For Avalon, $897,731.70 through March 15, 2024, plus $465.96 for each day following March 15, 2024.

- For New Concept, $844,066.01, plus $389.08 for each day following March 15, 2024.

## Conclusion

For all of the foregoing reasons, Defendant Guy Gentile respectfully requests that the Court award a maximum of $814,421.41 in pre-judgment interest for Avalon through March 15, 2024 (plus $420.42 for each day thereafter), and $797,693.47 for New Concept through March 15, 2024 (plus $366.59 for each day thereafter).[2]

Dated: New York, New York
       March 8, 2024

OLSHAN FROME WOLOSKY LLP

By:   */s/ Thomas J. Fleming*
      Thomas J. Fleming
      Kerrin T. Klein
      1325 Avenue of the Americas
      New York, New York 10019
      (212) 451-2300

      *Counsel for Defendant Guy Gentile*

---

[2] Mr. Gentile reserves his right to argue, on appeal, that no prejudgment interest should be awarded.

12402656-4