**MIRIAM TAUBER LAW**
885 Park Avenue 2A • New York, NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

April 30, 2024

**Via ECF**
Hon. Denise L. Cote, U.S.D.J. (S.D.N.Y.)

**Re:**   *Avalon Holdings Corp. v. Gentile*, et. al., No. 18-cv-7291;
*New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896

**Application to Register Judgment in Other Districts** (D. Puerto Rico)

Your Honor:

On March 20, 2024, the Court entered a Final Judgment in favor of each of the Plaintiffs on their respective claims against Defendant Guy Gentile in these related cases brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b).

Final Judgment was entered against Guy Gentile in the Avalon case in the amount of $8,219,175. (Avalon Dkt. 281). Final Judgment was entered against Guy Gentile in the New Concept case in the amount of $8,073,283. (New Concept Dkt. 265.)

The Defendant has filed a Notice of Appeal of the Judgments but has not posted a bond to secure either Judgment pending appeal.

Plaintiffs are not presently aware of any assets held by the Defendant within this District but have issued information subpoenas to the Defendant's attorneys in this District. If this discovery reveals assets held by the Defendant in the District, Plaintiffs intend to restrain and execute on those assets up to the full amount of their respective Judgments pursuant to the Writ of Execution issued by this Court.

Defendant Guy Gentile is domiciled in the District of Puerto Rico. Plaintiffs are aware of property that may be owned by the Defendant in the District of Puerto Rico. Plaintiffs seek permission to register the Judgment in that District.

F.R.C.P. 62(a) provides that execution on a judgment is stayed for 30 days following entry of the judgment. Following expiration of the 30-day period, "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." F.R.C.P. 62(b). Absent a bond or security covering the amount of the judgment (plus interest), the appeal of a judgment does not stay execution. If a bond or security is not posted, the party who obtained the judgment may enforce and execute the judgment, notwithstanding the pendency of an appeal.

The *supersedeas* bond requirement is meant to ensure a meaningful outcome for the prevailing party and is not to be waived pending appeal unless the court is otherwise satisfied of the existence of appropriated funds available for the purpose of paying judgments. *Cf. In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417-18 (2015) (2d Cir. 2015) (granting motion to stay enforcement beyond the 30-day period provided by F.R.C.P. 62 without the posting of a bond,

where it was "essentially guaranteed that Nassau County, a government entity, will pay the judgment if the plaintiffs prevail"). A stay of execution is not granted because a judgment debtor asserts an inability to pay the judgment; to the contrary, the judgment debtor must demonstrate an ability to pay the judgment to qualify for a stay of execution. *See Petersen-Dean, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-11299 (AKH), 2020 WL 1989493, at **3-4 (S.D.N.Y. April 24, 2020). Similarly, execution is not stayed solely to protect other creditors of the judgment debtor, or to prevent the debtor from declaring bankruptcy. Id.; *see also Ambac Assur. Corp. v. Adelanto Public Utility Authority*, No. 09-CV-5087 (JFK), 2014 WL 2893306, at **3-4 (S.D.N.Y. June 26, 2014) (denying motion to stay execution and permitting registration of the judgment in other districts, notwithstanding the "obvious" financial hardship associating with posting a bond debtor's in the full amount of the $84 million judgment and despite the debtor's offer to post a partial bond and assertion that posting a full bond could "potentially" lead to the debtor's insolvency; these considerations did not override the plaintiff's right to proceed with execution in the absence of a full bond guaranteeing payment of the judgment).

A judgment entered by a federal district court may be registered in any other federal district "when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**." 28 U.S.C. §1963 (emphasis added). Where a judgment debtor does not post a bond or security pending appeal of the judgment, "**'Good cause' can be established 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment**.'" *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2020 WL 1126762, at *1 (S.D.N.Y. Jan. 28, 2020) (quoting *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *Woodward & Dickerson v. Kahn*, No. 89-CV-6733 (PKL), 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993)).

A judgment creditor applying for registration of the judgment is not required to demonstrate that the debtor may engage in transfers of property or otherwise lose the ability to pay the judgment while an appeal is pending. Rather, **the only consideration relevant to a motion to register a judgment pursuant to 28 U.S.C. §1963 is the location of the Judgment Debtor's assets**. And in that respect, "a judgment creditor need not provide exact evidence of the debtor's assets" to register the judgment in other districts." Courts have held that "good cause" to register may be established by the submission of evidence reflecting the existence of debtor property in other districts, which is unrebutted or countered by evidence of assets available to satisfy the judgment in this District. *See Ambac*, 2014 WL 2893306, at *4.

Defendant Guy Gentile is domiciled in the District of Puerto Rico and may own property there. **Plaintiffs are not required to conduct post-judgment discovery in order to register and enforce the judgment in other districts**. *See Treasure Chest Themed Value Mail, Inc. v. David Morris Internat'l, Inc.,* No. 17-CV-1 (NRB), 2019 WL 2006179, at *3 & n.4 (S.D.N.Y. May 6, 2019). Nonetheless, Plaintiffs have issued information subpoenas to the Defendant's counsel in New York. Given that the Defendant has chosen not to post a bond as required by F.R.C.P. 62, Plaintiffs intend to execute on any assets revealed in response to that discovery, in this District or in any other districts, up to the amount of their respective Judgments (plus any applicable post-Judgment interest).

Absent the Court-approved bond necessary to grant a stay of enforcement, this Court is empowered to enforce the final Judgments entered in Plaintiffs' favor notwithstanding the pending appeal. *See generally, e.g., C.H. Sanders Co., Inc. v. BHAP Housing Development Fund Co., Inc.,* 750 F. Supp. 67, 68-69 (E.D.N.Y. 1990).

Plaintiffs accordingly request that the Court order certification of the Judgments for registration in other Districts (specifically, the District of Puerto Rico) for "good cause shown" pursuant to 28 U.S.C. §1963.

<u>The proposed Registration form to be ordered by the Court and certified by the Clerk in both cases is appended to this Motion.</u>

Respectfully submitted,

*/s/ Miriam Tauber*
Miriam Tauber
*Attorney for Plaintiff/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*