# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

May 5, 2024

Hon. Denise L. Cote  
Judge, S.D.N.Y.  
VIA ECF

Hon. Robert W. Lehrburger  
Magistrate Judge, S.D.N.Y.  
VIA ECF

Re: *Avalon Holdings Corp., et al, v. Guy Gentile*, 18-CV-7291 (DLC) (RWL)  
*New Concept Energy, Inc. et al. v. Guy Gentile*, 118-CV 8896 (DLC) (RWL)

Your Honors:

Thomas Fleming, on behalf of the Olshan firm, has sent each of you a letter opposing plaintiff's requests: a) for disclosure of his client, Guy Gentile's, residence and domicile address, believed by us to be in Puerto Rico and; b) for a direction to the clerk of the court that he certify two judgments against their client, Guy Gentile, for registration in another district. Mr. Fleming and Olshan state to the court that they have not represented Mr. Gentile in this court since the moment judgment was entered against him and that they are thereby not, a "party" nor to be called upon for participation in these after-judgment proceedings. But they continue to be Mr. Gentile's counsel here and in the Second Circuit. The complexity involved in identifying the contours of their professional obligations, as they would have them, is mind-numbing.

1. While an appeal is pending and in the absence of a bond a district court retains jurisdiction to implement or enforce the order or judgment being appealed. *United States v. Schultz*, 2008 U.S. Dist. LEXIS 57948 (N.D.N.Y. Apr. 2008); *In re Prudential lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994).

2. The Olshan firm and Mr. Fleming continue as attorneys of record to Mr. Gentile in both cases and on the appeals. They did not apply to this court for permission to withdraw until after the process servers came knocking on their doors alerting them to their obligation to provide addresses for their party, Mr. Gentile. I anticipate their next gambit will be a denial that service of discovery requests on them in the past two weeks have been effective to compel responses from Mr. Gentile through his attorneys of record -- they.

3. Not having asked to retire as counsel of record until this Friday, they have not yet been relieved either through their motions or by your honors *sua sponte*. But how would the court have known there was a need to relieve them as the need was known to them only on Friday?

4. Contrary to their representations they have continued to act on Mr. Gentile's behalf in this court. The judgments against Mr. Gentile were entered on the docket on March 20, 2024. On April 16, 2024, Mr. Fleming and the Olshan firm filed Notices of Appeal signing each such Notice as Mr. Gentile's attorneys before this court. On April 22, 2024, roughly one month after entry of the Notice, they paid appellate fees to the clerk of this court as Mr. Gentile's attorneys

DAVID LOPEZ

Hon. Denise L. Cote
Hon. Robert W. Lehrburger
May 5, 2024
Page 2

before this court. They have continued to deal with opposing counsel – me – with an appearance of authority unclouded by candid denials, buttressed by the court's dockets showing them as defendant's counsel and not showing a request from them to withdraw.. We are in what is known, if I recall my law Latin, as an attempted sandbagging.

5, Mr. Fleming and the Olshan firm entered their appearances in these cases as the dozen or so of Mr. Gentile's prior attorneys sought and received the court's permission to withdraw. The ceremonial appearance was of a changing of the guard. Would prior counsel have been allowed to withdraw were Mr. Fleming and the Olshan firm not simultaneously coming onto the field, seeming to assure continuity and uninterrupted representation?

6. Mr. Fleming and the Olshan firm contend that the terms of their retainer – a private agreement neither placed before the court nor binding upon it–- limit the temporal term of their responsibilities to the moment of the entry of judgment. We should like to see it. We've never seen the like. They seem untroubled that they are officers of the court bound by duties beyond a commercial private arrangement with their client. They are not at liberty simply to agree with themselves that their obligations to the court and to opposing counsel are ended when they say so and without informing anyone of their silent self-emancipation from professional responsibility.

Plaintiffs respectfully ask that the relief they have requested == disclosure of the residence and domicile address of Guy Gentile; and a direction to the clerk of the court to certify the judgments against him for registration in another district – be granted.

We also ask that Mr. Fleming and the Olshan firm be directed to provide Guy Gentile with copies of all motion papers in these proceedings along with discovery instruments served on them, that he be instructed by them to regularize his continued appearance before the court so long as its jurisdiction over him continues, and that they file affidavits of compliance with the court.

Very truly yours,

David Lopez
*Attorney for Plaintiffs*

Miriam Tauber, Esq.
*Attorney for Plaintiffs*

Cc: All Defense Counsel Of Record via ECF
    Guy Gentile, by ECF Service On Attorneys of Record

DL/el