# MIRIAM TAUBER LAW

885 Park Avenue 2A • New York, NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

May 17, 2024

<u>Via ECF</u>
Hon. Denise L. Cote, U.S.D.J. (S.D.N.Y.)

**Re:**   ***Avalon Holdings Corp. v. Gentile*, et. al., No. 18-cv-7291;**
***New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896**

### <u>Plaintiffs' Response to Olshan's Application to Withdraw as Counsel for Gentile</u>

Your Honor:

I write on behalf of the Plaintiffs and Judgment Creditors to respond to Olshan's application to withdraw as counsel for Gentile as ordered. (*Avalon* Dkt. 296; *New Concept* Dkt. 280). (THIS LETTER REPLACES THE LETTER PREVIOUSLY FILED IN ERROR AT *Avalon Dkt.297*; New Concept Dkt. 281.)

Plaintiffs confirm that Olshan has provided the last known address of record for Gentile in Puerto Rico in response to Plaintiffs' Information Subpoena. This information was of course known to Olshan as the firm continues to represent Mr. Gentile in these cases.

Plaintiffs now intend to serve Gentile with enforcement discovery, including document requests and a deposition notice, as broadly permitted by F.R.C.P. 69(a). *See* Moore, Fed. Prac. §69.04 (2008) ("The purpose of discovery under Rule 69(a)(2) is to allow the Judgment Creditor to identify assets from which the judgment may be satisfied and consequently, the Judgment Creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor"). "Rule [69(a)] has been interpreted to permit judgment creditors wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Electric Wonderland, Inc*., No. 07 Civ. 3219 (PKC), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (internal quotations omitted); *see also Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 561 (S.D.N.Y. 1977) ("Rule 69(a) quite clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures ... including production of documents under Rule 34"); *see also Donoghue v. Astro Aerospace Ltd.*, No. 19-CV-7991, 2022 WL 17095249, at *1 (S.D.N.Y. Nov. 21, 2022) ("Plaintiffs' use of document and deposition subpoenas to discover information relating to the prior final judgment and writ of execution in this matter is clearly appropriate" and granting motion to compel.)

Plaintiffs will attempt to serve Gentile at the address Olshan provided. However, given Gentile's prior history of resisting service (of the initial Avalon Complaint) and disclosure of his address, Plaintiffs anticipate that they may encounter similar resistance in attempting to serve Gentile with enforcement discovery. For that reason, Plaintiffs will also serve these requests on Gentile by serving his attorneys of record at Olshan, who are expected to accept service on their client's behalf.

As noted in Plaintiffs' letter to the Court on May 5, 2024, Gentile's prior counsel was given permission to withdraw in view of the appearance of Gentile's new lawyers at Olshan. Absent this "changing of the guard," permission might not have been given.

Those attorneys at Olshan have remained Mr. Gentile's attorneys of record in these cases in both the District Court and the Court of Appeals—and there is no indication that Olshan intends to withdraw from representing Mr. Gentile in his appeal of these cases to the Second Circuit. Plaintiffs respectfully submit that Olshan should not be permitted to withdraw from representing Mr. Gentile in this Court unless and until substitute counsel for Gentile appears on the dockets in these cases.

Alternatively, to the extent that Olshan is permitted to withdraw without substitution leaving Mr. Gentile unrepresented in proceedings before this Court, Plaintiffs request that the Court enter an order authorizing service (of any further enforcement discovery or other documents) on Mr. Gentile by U.S. mail to the address supplied by Olshan.

Respectfully submitted,

*/s/ Miriam Tauber*
Miriam Tauber
David Lopez
*Attorneys for Plaintiff/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

cc: all counsel (via ECF)

2