UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVALON HOLDINGS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-7291 (DLC) (RJL) <br><br> ECF Case |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC. <br><br> Plaintiff, <br><br> v. <br><br> GUY GENTILE and <br> MINTBROKER INTERNATIONAL, LTD., <br><br> Defendants. | No. 18-cv-8896 (DLC) (RJL) <br><br> ECF Case |

**PLAINTIFFS' OPPOSITION TO
(Non-Party) JOSEPH ELY'S MOTION TO QUASH**

The captioned Plaintiffs, now Judgment Creditors, seek documentary evidence and oral testimony from Joseph L. Ely, III, a non-party, in aid of collection of judgments entered in their favor against Defendant and Judgment Debtor Guy Gentile. Mr. Ely moves to quash all discovery requests directed to him individually, and as a principal officer of both Mint Global Markets, Inc. (a/ka, d/b/a: SpeedTrader, SpeedTraderPro, SprintTrader, Stock USA, Stock USA Investments, etc.), and Mint Global Holdings, Inc. Plaintiffs oppose the Motion. Plaintiffs have

1

reason to believe that Gentile has a continuing economic interest in both entities, as further described below and in the accompanying Affirmation of Miriam Tauber and attached Exhibits.

### Background

Mint Global Markets, Inc., an entity with several d/b/a's, including "SpeedTrader," "Stock USA Execution," etc. is a New York corporation and brokerage firm registered with FINRA and the SEC. Mint Global Markets was founded by Gentile. (Tauber Aff. ¶¶ 4, 6, 8 & Exs. 2, 3, 5, 6.)

Mint Global Holdings, Inc. is a Nevada entity and the owner or "parent" of Mint Global Markets. Mint Global Holdings is owned by the SUSA Trust. The Trustee of the SUSA Trust is Nicholas Abadiotakis, an individual who Gentile testified is "his trustee." (Tauber Aff. 6, 8 & Ex. 1, 2, 7.)

The officers of Mint Global Holdings are Joseph Ely and Nicholas Abadiotakis. (Tauber Aff. Ex. 7.)

The only individual designated as a registered agent authorized to accept service on behalf of Mint Global Markets (a/k/a "SpeedTrader," etc.), is Joseph Ely, the CEO. (Tauber Aff. ¶¶ 9, 10 & Ex. 6.)

Discovery produced in these cases by Electronic Transaction Clearing Inc. (ETC) reflects that some of Gentile's trading in the Plaintiffs' stocks in these cases was executed through Mint Global Markets as the "introducing broker" for Mintbroker International, Ltd., Gentile's wholly owned Bahamian brokerage and co-Defendant. (Tauber Aff. Ex. 1.) (Mintbroker was subsequently involuntarily liquidated by the Bahamian Securities Commission, as discussed in the Court's order entering judgments for the Plaintiffs against Gentile). Gentile described this "introducing broker" relationship with Mint Global Markets (a/k/a "SpeedTrader") in his

2

testimony at the inquest on damages held before Magistrate Lehrburger in these cases. (Tauber Aff. ¶4 & Ex. 3.)

Discovery produced by Interactive Brokers, the brokerage through which the Defendants executed most of the trading in Plaintiffs' stocks, also reflects that funds were wired by "SpeedTrader" (a/k/a Mint Global Markets) to the Interactive Brokers account held by Mintbroker and controlled by Gentile. (Tauber Aff. ¶4 & Ex. 4.)

### The Motion Should Be Denied.

F.R.C.P. 69(a)(2) provides:

> "**Rule 69. Execution**.
>  (a)  In general.
>     (1) Money Judgment; Applicable procedure. […]
>     (2) Obtaining discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

Rule 69(a)(2) provides "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07 CIV. 3219 PKC DF, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (citing *Gibbons v. Smith*, No. 01 CIV. 1224 (LAP), 2010 U.S. Dist. LEXIS 13938, at *6 (S.D.N.Y. Feb. 9, 2010)); *see also Donoghue v. Astro Aerospace Ltd.,* No. 19-CV-7991 (JPO), 2022 WL 17095249 (S.D.N.Y. Nov. 21, 2022).

In support of his Motion to Quash, Mr. Ely submits a Declaration from his lawyer, Dana S. Gloor, who is not admitted to practice before this Court. *Ms. Gloor's Declaration states that "Mr. Ely states* that he has no documents responsive to the requests" and that "*Mr. Ely states* that he has no personal knowledge regarding the income, assets, liabilities or expenses of Guy Gentile." The Gloor Declaration is a textbook example of inadmissible hearsay. Plaintiffs seek to

3

question Mr. Ely as to these supposed "statements," given their incongruity with the evidence produced in discovery as described above, copies of which were sent to Ely's counsel in advance of filing this Opposition.

Ms. Gloor's Hearsay Declaration is also incongruous with FINRA records indicating that Mint Global Markets and Mint Global Holdings are owned by a Trust controlled by "Gentile's trustee," Nicholas Abadiotakis. Nicholas Abadiotakis is described in the Gloor Hearsay Declaration as "one witness with knowledge of the facts [Plaintiffs' counsel] seeks." Mr. Ely's Motion asserts that before deposing Mr. Ely, Plaintiffs should first seek discovery from Mr. Abadiotakis. The Gloor Hearsay Declaration states that Mr. Ely suffers from Lyme Disease and cannot easily schedule a deposition into his busy workday.

Plaintiffs *also* intend to subpoena and depose Mr. Abadiotakis and are not obligated to seek the testimony of these witnesses in any particular order. Plaintiffs note that Mr. Abadiotakis has previously submitted a misleading Affidavit to the Court in connection with this case. Plaintiffs have elected to seek discovery from other parties, including Mr. Ely, both individually and as a principal of both Mint Global Markets and and Mint Global Holdings, in advance of and in preparation for any deposition of Mr. Abadiotakis. (Separately, Plaintiffs note that they have also sent a document and deposition subpoena to the Defendant/Judgment Debtor, Guy Gentile c/o his attorneys. Gentile's deposition is noticed for July 1, 2024—before Mr. Ely's noticed deposition date of July 10, 2024.)

Mr. Ely is claimed by his lawyer's Hearsay Declaration to suffer from a medical condition that somehow makes him both indispensable to Speedtrader's daily business, but unavailable to appear for a deposition. No doctor's confirmation or other medical evidence is provided to support the Motion. Moreover, *no mention of this was made by Mr. Ely's counsel in*

*conversation with Plaintiff's counsel* (*see* Tauber Aff. ¶10); and in that respect, Ely's counsel has failed to comply with Your Honor's Individual Rule 2(C). Regardless, as noted on the Deposition Subpoena itself and as Plaintiffs' counsel reiterated to Mr. Ely's counsel, Plaintiffs are willing to depose Mr. Ely remotely (i.e., via Zoom). (Id.) Plaintiffs are also willing to work out a time that would suit Mr. Ely's claimed infirmities and employment obligations, including possibly after business hours or on a weekend. Plaintiffs' only requirement is that Mr. Ely appear live and speak for himself, under oath and subject to penalties of perjury.

Finally, Mr. Ely's counsel seeks sanctions against the Plaintiffs/Judgment Creditors and/or Plaintiffs' attorneys. (Dkt. 308-1 at ¶11.) Plaintiffs do not place an undue burden on Mr. Ely by seeking to question him on evidence that should be within his possession, and Plaintiffs' counsel are not obliged to and do not accept Mr. Ely's lawyer's hearsay declaration in lieu of Mr. Ely's testimony. There is no admissible evidentiary basis to support the Motion to Quash, and there is no basis whatsoever even articulated in the Motion to support the request for sanctions.

## CONCLUSION

The Motion should be denied out of hand. Mr. Ely should be required to appear at the deposition on the date and at the time noticed by Plaintiffs; or, alternatively to confer with Plaintiffs' counsel to arrange a mutually convenient alternative date and time for his deposition within two weeks of the date noticed, or by July 24, 2024.

Dated:  Southampton, New York
        June 25, 2024

Respectfully submitted,

*/s/ David Lopez*

_____
David Lopez (DL-6779)
*Attorneys for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

5