UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :    18cv7291 (DLC)
AVALON HOLDINGS CORP.,                :    18cv8896 (DLC)
                                      :
                        Plaintiff,    :
                                      :
            -v-                       :         ORDER
                                      :
GUY GENTILE and MINTBROKER            :
INTERNATIONAL, LTD.,                  :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X
                                      :
NEW CONCEPT ENERGY, INC.,             :
                                      :
                        Plaintiff,    :
                                      :
            -v-                       :
                                      :
GUY GENTILE and MINTBROKER            :
INTERNATIONAL, LTD.,                  :
                                      :
                        Defendants.   :
------------------------------------- X

DENISE COTE, District Judge:

    On July 8, 2024, plaintiff Avalon Holdings Corporation

("Avalon") filed a motion to compel defendant Gentile to respond

to plaintiffs' post-judgment subpoenas.  An Order of July 9 set

a schedule for briefing on the motion, and a hearing was held on

July 23.  Gentile was not present at the hearing.  At the

hearing, counsel for Gentile, who is also counsel of record for

Gentile's appeal to the Second Circuit in this case, indicated

that he had not been in contact with Gentile since May 2024 at

the latest and did not have information on how to effect service

on him.  Counsel for Avalon made an oral application for a bench
warrant and additional monetary sanctions.  That application was
denied, and plaintiff's counsel was granted permission to renew
the motion to compel if there was a showing that all possible
methods of contacting Gentile had been exhausted.

On August 14, 2024, Avalon filed a renewed application to
compel Gentile to respond to plaintiff's post-judgment subpoenas
and an application for a bench warrant for his civil arrest.  On
August 22, Avalon requested permission to serve the defendant
with notice of its motion for his civil arrest by publication
pursuant to Fed. R. Civ. P. 4(f)(3).  Where no international
agreement exists, Rule 4(f) authorizes courts to direct service
by a method "reasonably calculated to give notice" and "not
prohibited by international agreement."  A court is afforded
wide discretion in ordering service of process under Rule
4(f)(3).  See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d
1007, 1016 (9th Cir. 2002).  Service of process must satisfy
constitutional due process, which requires "notice reasonably
calculated . . . to apprise interested parties of the pendency
of the action."  Burda Media, Inc. v. Viertel, 417 F.3d 292, 303
(2d Cir. 2005).  Beyond that, "[a]s long as court-directed and
not prohibited by an international agreement," service of
process may be ordered under Rule 4(f)(3) even if the method of
service is in contravention of the laws of the foreign country.

*Freedom Watch, Inc. v. Org. of the Petrol. Exporting Countries*, 766 F.3d 74, 84 (D.C. Cir. 2014).

A plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief.  Instead, [a plaintiff] need[s] only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention."  *Rio Props.*, 284 F.3d at 1016.  Where such intervention is warranted, courts have found various alternative methods of service appropriate.  See *Rio Props.*, 284 F.3d at 1016–18 (email); *In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 490–91 (S.D.N.Y. 2010) (publication).

Here, plaintiff has diligently attempted to obtain Gentile's current address, to no avail.  Plaintiff has served Gentile by mail to his last known address, in addition to first class mail and e-mail to his attorney of record in this case and his attorney of record in the case brought against him by the SEC in the Southern District of Florida.  In these circumstances, the alternative means of service in the attached order are reasonably calculated to apprise Gentile of plaintiff's motion.  Gentile is aware of this action and the judgment against him, having previously appeared in this case and having appealed the final judgment.  "[I]n the case of persons missing or unknown, employment of an indirect and even a

3

probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." S.E.C. v. Tome, 833 F.3d 1086, 1094 (2d Cir. 1987) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 320 [1950]). The "fundamental requisite of due process of law is the opportunity to be heard . . . . This record clearly establishes that [Gentile was] afforded such an opportunity and that [he] made a conscious decision to ignore" the post-judgment proceedings in this action. Tome, 833 F.3d at 1094.

Plaintiff will also provide supplemental service by direct messages to the social media accounts maintained by Mr. Gentile. Plaintiff has shown that service by publication, email, and social media is reasonable under the circumstances. See F.T.C. v. PCCare247 Inc., No. 12cv7189 (PAE), 2013 WL 841037, at *5. Accordingly, having considered the facts and circumstances pertinent to plaintiff's request, and finding that they warrant alternative service, it is hereby

ORDERED that the plaintiff shall serve its motion for civil arrest on Gentile via the alternative methods in the attached order.

IT IS FURTHER ORDERED that any opposition to the August 14

4

motion for Gentile's civil arrest must be filed by September 13, 2024.  Any reply shall be filed by September 20.

```
Dated:    New York, New York
          August 29, 2024
```

```
                           _____
                              DENISE COTE
                           United States District Judge
```