# MIRIAM TAUBER LAW

885 Park Avenue 2A • New York, NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

September 17, 2024

**Via ECF**
Hon. Denise L. Cote, U.S.D.J. (S.D.N.Y.)

**Re:**   *Avalon Holdings Corp. v. Gentile*, et. al., No. 18-cv-7291;
*New Concept Energy, Inc. v. Gentile*, et. al., No. 18-cv-8896

**Application to Register Judgment in Other Districts** (S.D. Florida)

Your Honor:

On March 20, 2024, the Court entered a Final Judgment in favor of each of the Plaintiffs on their respective claims against Defendant Guy Gentile in these related cases brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b). Final Judgment was entered against Guy Gentile in the Avalon case in the amount of $8,219,175. (Avalon Dkt. 281). Final Judgment was entered against Guy Gentile in the New Concept case in the amount of $8,073,283. (New Concept Dkt. 265.)

The Defendant has appealed the Judgments, and the appeals are pending before the Second Circuit. But the Defendant has not posted a bond to secure either Judgment pending appeal as required to stay enforcement of the Judgments under F.R.C.P. 62(a). Absent the Court-approved bond necessary to grant a stay of enforcement, this Court is empowered to enforce the final Judgments entered in Plaintiffs' favor notwithstanding the pending appeal. *See generally, e.g., C.H. Sanders Co., Inc. v. BHAP Housing Dev. Fund Co., Inc.,* 750 F. Supp. 67, 68-69 (E.D.N.Y. 1990).

At the conference held before this Court on July 23, 2024, Gentile's counsel of record in these cases (in proceedings before this Court, and before the Second Circuit) stated that he does not know where the Defendant is or how to locate or contact him. Despite this purported total absence of any communication with his client, Gentile's counsel has since filed an Appellate Brief accompanied by an Appendix consisting of up to 8 volumes totaling 1,933 pages, *plus* an additional 122-page Special Appendix, in each of the two appeals filed on Gentile's behalf. (*See Avalon*, 2d Cir. Case No. 24-999, at Dkts. 27-38; *New Concept*, 2d Cir. Case No. 24-1002, at Dkts. 35-42.)

Meanwhile, Gentile has failed to respond to Plaintiffs' subpoenas seeking documents and his deposition testimony in aid of Plaintiffs' efforts to execute on the Judgments entered in their favor. Plaintiffs' motion for a bench warrant for Gentile's civil arrest due to his non-compliance with Plaintiffs' enforcement discovery subpoenas has been served on Gentile via the alternate methods ordered by the Court and is currently pending.

The Court previously granted Plaintiffs' request to register the Judgments in the District of Puerto Rico, the location of Gentile's last known residence according to his current counsel. (*See Avalon* Dkt. 293; *New Concept* Dkt. 277).

For the reasons discussed below and as further described in my Affirmation filed together with this Application, Plaintiffs also request the Court's permission to register the Judgments in the Southern District of Florida.

A judgment entered by a federal district court may be registered in any other federal district "when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**." 28 U.S.C. §1963 (emphasis added). Where a judgment debtor does not post a bond or security pending appeal of the judgment, "**'Good cause' can be established 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment**.'" *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2020 WL 1126762, at *1 (S.D.N.Y. Jan. 28, 2020) (quoting *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *Woodward & Dickerson v. Kahn*, No. 89-CV-6733 (PKL), 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993)).

A judgment creditor applying for registration of the judgment is not required to demonstrate that the debtor may engage in transfers of property or otherwise lose the ability to pay the judgment while an appeal is pending. Rather, **the only consideration relevant to a motion to register a judgment pursuant to 28 U.S.C. §1963 is the location of the Judgment Debtor's assets**. And in that respect, "a judgment creditor need not provide exact evidence of the debtor's assets" to register the judgment in other districts." Courts have held that "good cause" to register may be established by the submission of evidence reflecting the existence of debtor property in other districts, which is unrebutted or countered by evidence of assets available to satisfy the judgment in this District. *See Ambac Assurance Corp. v. Adelanto Pub. Utility Authority,* No. 09-CV-5087 (JFK), 2014 WL 2893306, at **3-4 (S.D.N.Y. June 26, 2014).

In addition to the discovery sought from the Defendant and his attorneys, Plaintiffs have also sought discovery of Gentile's accounts and assets from SpeedTrader, Inc., a New York entity and registered broker. Gentile is the founder of SpeedTrader and currently owns SpeedTrader through a Trust for which Nicholas Abadiotakis serves as Trustee. Mr. Abadiotakis is also a director of Mint Global Holdings, Inc., the majority owner of SpeedTrader. At the deposition of SpeedTrader's CEO Joseph Ely (held following the Court's denial of his motion to quash Plaintiffs' subpoena), Mr. Ely testified that he was hired by and reports directly to Mr. Abadiotakis.

Mr. Abadiotakis resides in Palm Beach County, within the Southern District of Florida, at: 4195 Cedar Creek Ranch Circle, Lake Worth Florida 33467. After Plaintiffs' process server made several attempts to serve Mr. Abadiotakis at his residence, which were unsuccessful because his home is located in a gated community, Plaintiffs arranged for the Palm Beach County Sherriff to serve Mr. Abadiotakis at his residence by personally delivering a copy of Plaintiffs' information and document Subpoenas to Mr. Abadiotakis' spouse, on August 15, 2024. Plaintiffs sent additional copies of the Subpoenas by mail to Mr. Abadiotakis' residence, and by email. **Mr. Abadiotakis has not responded to or acknowledged receipt of Plaintiffs' Subpoenas.**

Plaintiffs seek to register the Judgments in the Southern District of Florida for the purpose of compelling Mr. Abadiotakis' compliance with Plaintiffs' Subpoenas and production of documents identifying assets that may be held directly or indirectly by the Defendant, including the governing documents for the SUSA Trust and the previous Trust owner of SpeedTrader.

Plaintiffs accordingly request that the Court direct the Clerk to certify the Judgments entered in these cases for registration in the Southern District of Florida for "good cause shown" pursuant to 28 U.S.C. §1963.

The proposed Registration form to be ordered by the Court and certified by the Clerk in both cases is appended to this Motion.

Respectfully submitted,

*/s/ Miriam Tauber*

Miriam Tauber
*Attorney for Plaintiffs/Judgment Creditors*
*Avalon Holdings Corp.; New Concept Energy, Inc.*

cc:     all counsel (via ECF)

3