

December 18, 2024

**VIA ECF**
The Honorable Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: <u>Avalon Holdings Corp., v. Gentile, 18-cv-7291(DLC)(RJL), New Concept Energy, Inc. v. Gentile, 18-cv-8896 (DLC)(RJL)</u>

Dear Judge Cote:

      This firm is a non-party recipient of a subpoena issued by plaintiffs in the above-referenced matters. I write in response to this Court's Order Dated December 17, 2024 (Dkt. 349) ordering the undersigned to appear at a conference on December 20, upon the allegation that "Ford has failed to comply with the October 10 Order" and to respectfully request that the conference be cancelled as moot. Contrary to plaintiffs' assertion, the evidentiary record demonstrates that this firm fully complied with this Court's October 10 order—as of the same day this Court issued the order. To the extent the Court was calling in the undersigned to explain the alleged non-compliance set forth in Plaintiffs' letter, this letter and the accompanying exhibits make clear the undersigned is in full compliance, rendering the need for this conference moot.

      As this Court is aware, on October 10, this Court issued orders in the above related-cases in favor of plaintiffs' motion to compel the undersigned to respond to its post-judgment subpoena in writing by October 17. That same day, the undersigned sent to plaintiffs' counsel our firm's subpoena response, noting in the cover email "Please see the attached, in response to the Court's order dated today." (See Ex. A). Attached to the email was a full written response to the subpoena. In other words, within hours of this Court's order, the undersigned had fully complied with it.

      Having not heard a response confirming receipt from plaintiffs' counsel, I sent an email dated October 11 at 11:13 a.m. stating "We have served our responses in compliance with this order. Please confirm receipt." (Ex. B.). This Court had also ordered plaintiffs' counsel to serve a copy of the Court's orders. Plaintiffs' counsel provided such notice via email on October 12, two days after we had already sent our written responses. The next day, plaintiffs' counsel finally responded to my email requesting confirmation of receipt of our written responses in compliance with the October 10 order, stating: "RECEIPT CONFIRMED. THANKS." (Ex. B). Certainly, by October 12, plaintiffs' counsel had confirmed to the undersigned we had complied with this Court's order.

Hon. Denise L. Cote
December 18, 2024
Page 2

      Plaintiffs' counsel also asked to meet and confer on the responses. I agreed and the parties took part in a phone call on October 18. During this meet and confer, plaintiffs' counsel asserted that he would like to add additional and new requests to their subpoena, that is requests that went beyond what this Court ordered us to respond to in its October 10 order. The parties discussed whether it was necessary to serve new subpoenas given the new requests, but rather than require plaintiffs' counsel to draft new subpoenas, we agreed to effectively accept new subpoenas via email. Plaintiffs' counsel sent these requests via email on October 18. These requests were a new subpoena, and not subject to the Court's October 10 Order, which plaintiffs' counsel acknowledged we had timely complied with.

      We responded to this second, new "subpoena" (served by way of email requests) on October 24. (Ex. C). The new requests, which were not included in this Courts' October 10 Order, were also fully responded to several days later, on October 24. (Ex. C) The only request made by plaintiffs' counsel that was not complied with was to produce a privilege log detailing all of our written communications with Mr. Gentile from January 1 of this year to the present. We explained, that given our law firm was trial counsel for Gentile and actually on trial with Mr. Gentile during this past summer, i.e., during the pendency of the time period request, it would be unduly burdensome to create a privilege log of all our communications. Nor would a log provide any relevant information as each entry would list counsel at our firm and a description that the communication was directly related to the securities law trial for which we represented him.

      Given that our firm has been in full compliance with this Court's October 10 order since moments after it was issued, we respectfully submit that there is no need for the parties to appear before the Court this Friday. If plaintiffs' counsel has any legal or factual issue with the written responses that we provided, we would propose that plaintiffs' counsel set forth what exactly the issue is and that it be briefed prior to any court appearance on that issue. The letter that formed the basis of this Court's December 17 Order setting a conference was based on the erroneous assertion that we had not complied with this Court's October 10 Order. This is demonstrably false.

      On a separate note, if this Court still believes a hearing is necessary, I respectfully request that the time be changed. I am scheduled to have an out-patient surgery on Friday morning and it cannot be rescheduled. As such, I will not be able to attend any court proceeding on Friday. If the Court wishes, I am available anytime tomorrow in person. Or, if the Court still believes a hearing is necessary and is unavailable tomorrow, I respectfully request the ability to appear via video or dial-in as I am scheduled to be out of town December 21-January 8, 2025.

      I thank the Court for its attention to this matter.

Hon. Denise L. Cote
December 18, 2024
Page 3

Respectfully submitted,

 */s/ Adam C. Ford*
Adam C. Ford