# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

March 20, 2025

Hon. Robert W. Lehrburger
United States Magistrate Judge, S.D.N.Y.

Re:  *Avalon Holdings Corp. v. Guy Gentile*, 18-cv-7291 (DCL) (RWL)
     *New Concept Energy, Inc. v. Guy Gentile*, 18-cv-8896 (DCL) (RWL)

Your Honor:

I write as one of Plaintiffs' counsel in obedience to your Order of March 18. 2025.

Attached is the "Supplemental Restraining Notice With Information Sibpoena" dated January 28, 2025, and addressed to FORD O'BRIEN LLP, (the "Firm") and ADAM FORD and MATTHEW FORD, each individually and as partners of the Firm. By prior agreement memorialized in an e-mail service was made by e-mail on Adam Ford, individually and as name partner in the Firm and as a partner of his brother, Matthew Ford and returnable in seven days as is consistent with practice under the C.P.L.R. of the State of New York.

No objection was made at the time of service as to the mode of service nor the return date. Among the Objections listed at pp 2 and 3 of the "Objetions (*sic*) And Resposens (*sic*) To Supplemental … Subpoena" are that the subpoena is addressed to three persons and thus constitute three separate subpoenas in individual and professional capacities. Dividing a single document addressed to 3 persons into three identical documents addressed to the same persons is pretextual and intended solely for delay.

The responses purport to come from Adam Ford but it is unclear whether he is speaking for the firm or for himself alone or both; and it appears that Matthew Ford has excused himself from participation without seeking a protective order. It is also objected that the supplementary subpoena "seeks to add to a prior subpoena that was only issued to the firm". As the firm is a partnership it is not inappropriate to ask questions addressed to individual partners believed to have personal knowledge of matter being inquired into and named as intended recipients of the subpoena.

DAVID LOPEZ

It has been demanded by Plaintiffs in both subpoenas and separately that responses be under oath. Adam Ford purports to sign pursuant to 28 U.S.C. Sec. 1746 but fails utterly to comply with its requirements by not subscribing using the mandatory acknowledgment that he does so under the penalties of perjury. He then types in his name without a manual signature. Without a signature under the penalties of perjury there is no response before the court.

Of greatest moment to the progression of the case are two objections to be discussed further: the availability of the attorney-client privilege and the applicability of Rule 1.6(a) of the New York Rules of Professional Conduct which "bars lawyers from "knowingly revealing confidential information." *See p. 3, par. 4 of Objections* ... The respondents rely upon them to protect from disclosing information that may be in their knowledge or possession as to the hiding place of Mr. Gentile, a fugitive from justice and from an arrest warrant outstanding in this court. A ruling on the availability of each claimed privilege or exemption will help avoid their dilatory assertion when oral deposition testimony is taken of the Messrs. Ford and of the firm by whoever it designates as its witness.

Appended to the Supplemental Subpoena as the Appendix is an earlier Restraining Notice With Information Subpoena dated July 23, 2024, with responses as to which there remains pending Plaintiffs' prior Motion To Compel. The numbering of Questionnaire inquiries is integrated between the two subpoenas, questions and responses 1 through 12 appearing in the July 23, 2024, subpoena and questions and responses 13 through 27 in the Supplemental Subpoena ... dated January 28, 2025. We turn to individual responses as to which Plaintiffs request rulings.

**Individual Interrogatory Responses:**

**Questions 1 Through 8:** The responses to these questions are best parsed through oral deposition. Plaintiffs have asked Adam Ford, in writing, and through him, the Firm, to provide times for the taking of such depositions but have received no responses. We ask that at the conference dates, times and places for those depositions be negotiated and ordered, to take place no later than the end of April, 2025..

**Question 9:** The respondents assert that "All phone communications with Judgment Debtor, including dates of communications are shielded by the attorney

DAVID LOPEZ

client privilege for which the judgment debtor has not waived privilege." It is Plaintiffs' understanding that the law is otherwise: that the content of communications may be privileged but that the fact of their having taken place is not and that whether the privilege has been vitiated by the crime-fraud exception through the discussion of Mr. Gentile's absconding, prospective or actual, to frustrate collection of the court's judgments, is a question of fact determinable through evidence including the testimony of the respondents and of their agents. It is further the Plaintiffs' understanding of the Local Civil Rules that any claim of attorney-client privilege, or of any similar privilege, must be accompanied by a privilege log unambiguously identifying the evidence as to which privilege is claimed. Such privilege log has been requested and refused. Rulings are requested as to these points.

**Questions 10 through 18:** See "Question 1 Through 8", *supra*.

**Question 18:** See "Question 9" *supra*. The respondents assert that Rule 1.6 of the New York Rules of Professional Conduct bars lawyers from "knowingly revealing" the information sought. Plaintiffs suggest that all arguments for compulsion under attorney-client privilege and for the provision of a privilege log apply equally to this claim of a professional obligation to help a fugitive from justice evade further court process and be protected in his place of hiding.

**Questions 19 through 21:** See "Questions 1 through 8" *supra*.

**Questions 21 through 22:** See "Question 18", *supra*.

**Questions 23 through 26:** See "Questions 1 through 8" *supra*.

**Question 27:** This is a non-answer to a "yes or no" question. We request a direction to the respondents to answer.

DAVID LOPEZ

**"FURTHER QUESTIONS RE: YOUR RESPONSES TO THE ORIGINAL SUBPOENA"**

The responses to these question suggest that follow-up is best reserved for oral depositions. See "Questions 1 Through 8.

We respectfully request scheduling of a discovery conference at Your Honor's earliest convenience, in person.

Very truly yours,

David Lopez

All Counsel of Record Via ECF