**MIRIAM TAUBER LAW**
885 Park Ave. 2A • New York NY 10075
MiriamTauberLaw@gmail.com • (323) 790-4881

July 14, 2025

**Via ECF**
Hon. Robert W. Lehrburger, U.S.M.J. (S.D.N.Y.)

<u>Re</u>:              *Avalon Holdings Corp. v. Gentile*, et. al., 18-cv-7921
<u>and Related Case</u>:   *New Concept Energy, Inc. v. Gentile*, et. al., 18-cv-8896

**Plaintiffs' Motion to Compel Ford's Court-Ordered Deposition *Under Penalty of Contempt***

Magistrate Judge Lehrburger:

Your Honor's Order of June 11, 2025, granted Plaintiffs' motion to compel the Ford firm to: (1) "produce copies of receipts or payment confirmations for payments made by Gentile as requested in Request No. 21;" and (2) appear for a Rule 30(b)(6) deposition. (Order, *Avalon* Dkt. 380).

Ford has since produced additional information regarding payments received by the Firm on the dates listed by Ford, similar to the deficient information that the Firm previously provided to Plaintiffs. The Firm has refused to comply with the Court's order to produce the original payment receipt or confirmation documents.[1] Plaintiffs intend to inquire about additional information that might be reflected on the withheld documents, and to reiterate a demand for production of those documents, at the Firm's 30(b)(6) deposition.

In advance of the deposition, I agreed to send Ford a list of deposition topics as provided by Rule 30(b)(6), so that the Firm's designated representative would be prepared to answer Plaintiffs' questions. To be clear: Plaintiffs did not agree to accept written responses to these topics *in lieu* of the Firm's deposition. To the contrary, I informed Adam Ford that Plaintiffs would not waive their right to take the deposition ordered by the Court. Two weeks ago, following receipt of Plaintiffs' list of deposition topics, Ford agreed to schedule the Firm's deposition for this Wednesday, July 16, 2025. (*See* <u>attached Correspondence</u> p.1.) Plaintiffs are prepared to proceed.

Now, Ford has unilaterally determined to substitute written responses to Plaintiffs' list of 30(b)(6) topics instead of appearing for the Court-ordered deposition. ***The Firm is willfully refusing to comply with the Court's order based on objections that the Court has already overruled.*** The topics noticed by Plaintiffs are non-privileged and within the broad scope of discovery afforded to judgment creditors. Plaintiffs respectfully request that the Court compel Ford to designate a 30(b)(6) representative who is prepared to provide complete information on the subjects noticed by Plaintiffs and proceed with the Court-ordered deposition as scheduled, under penalty of contempt.

Ford asserts baseless objections to providing the following categories of information:

---

[1]    A more complete record of the correspondence attached to Ford's letter at *Avalon* Dkt. 381-2 is appended to this Motion. Bank account information is redacted as provided by F.R.C.P. 5.2(a)(4) as Ford requested without conceding that the Rule is applicable.

1. **Amounts of payments to the Firm.**

The Court has now twice ordered Ford to respond to Plaintiffs' Request No. 21 by producing "copies of receipts or payment confirmations" reflecting all payments to the Firm in connection with these cases prior to entry of the Judgments for Plaintiffs on March 20, 2024. (*See* Order, *Avalon* Dkt. 376 pp. 3, 11; Order, *Avalon* Dkt. 380.)

Instead of producing copies of documents as the Court repeatedly ordered, Ford continues to produce information selectively "cut and pasted" from the original "copies" of documents within the Firm's possession. (*See* attached Correspondence pp.2-3.) Ford continues to withhold relevant information related to those payments that appear on the payment "receipts or confirmations" that the Firm was ordered to produce. Most notably, Ford omits the payment amounts.

As the Court has already ruled, information about payments to the Firm, including the amounts of payments, is not privileged, has been repeatedly ordered to produce documents that reflect the amount and source of any payments to the Firm by or on Gentile's behalf. (*See* Order, *Avalon* Dkt. 376 pp.9-10.)

Because this information is not privileged, there is no basis or need for an *in camera* review. There is also no basis for limiting the disclosure of payment amounts to the additional payment disclosed by Ford in the Firm's written Rule 30(b)(6) responses. Plaintiffs are already aware of the amount of that specific payment - which was sent to the Firm after entry of the Judgments in these cases, contrary to the Firm's prior unsworn representation to the Court that no such payments existed, as further discussed below.

2. **Post-Judgment payments by *or on behalf of Gentile in connection with any case.***

Plaintiffs' Request No. 22 asked for information regarding payments by or on Gentile's behalf in connection with any matter since Judgments were entered in these cases. As Plaintiffs noted in requesting the deposition ordered by the Court, Ford has avoided responding to this Request based on the Firm's unsworn representation in an argumentative filing to the Court that no such payments existed.

And indeed, the Firm's written 30(b)(6) Responses identify, for the first time, a payment made on Gentile's behalf since entry of Judgments in these cases, contrary to the Firm's representation on which the Court relied in "crossing off" Request No. 22 from the outstanding requests to be considered. (*See* Order, *Avalon* Dkt. 376 p.3 n.2.)

Moreover, the date of this newly disclosed payment to the Firm was ***April 19, 2024— the very last day of the 30-day automatic stay of execution following entry of Plaintiffs' Judgments*** (*see* F.R.C.P. 62(a)). Ford's 30(b)(6) Responses state that information about this payment is provided to "supplement" the Firm's prior responses, without explaining how or why the information was omitted or overlooked. (*See* R.30(b)(6) Responses, *Avalon* Dkt. 381-2, p.3 Item (k)).

It is not surprising that Ford determined to volunteer information about this specific payment, since I had advised Adam Ford that Plaintiffs had issued a separate subpoena to United Texas Bank ("UTB"), which processed that payment. Plaintiffs were in fact already informed of this payment to the Firm by UTB's responses.

But the Firm's omission of this payment and affirmative contrary representations to the Court, in seeking to limit the discovery required of the Firm, that there were no payments made on Gentile's behalf since entry of the Judgments raises the question of whether the Firm has omitted any other post-Judgment payments.

Specifically, and troublingly, Ford's R.30(b)(6) Responses and correspondence suggests that the Firm has not disclosed payments by entities controlled by Gentile or otherwise made to the Firm on Gentile's behalf; and/or payments related to matters other than these actions.

*See,* for example:

- Ford 30(b)(6) written Responses, *Avalon* Dkt. 381-2 p.3, Item (k): stating that the previously undisclosed UTB payment "did not represent payment of any invoice *in connection with the Plaintiffs' lawsuits*."

- Attached Correspondence, p.2: asserting that the "judge's order ruled that we must produce receipts regarding payments made *by Gentile*," as distinct from any payments *by entities on Gentile's behalf;* and providing information as to "payments to our firm, which may have gone, in part, towards fees for representing Mr. Gentile *in the actions brought by the Judgment Creditors*."

Ford's vagueness about the scope of information produced in response to Plaintiffs' Subpoenas and pursuant to the Court's orders underscores Plaintiffs' need to obtain clarity by taking the Firm's Rule 30(b)(6) deposition.

3. **Billing/invoicing; other payment and asset information.**

The most recent payment made on Gentile's behalf that has now been disclosed by Ford is the UTB payment on April 19, 2024. Plaintiffs are aware that the amount of that payment was $25,000. Ford has disclosed information reflecting that invoices were regularly sent to and payments regularly received from (or on behalf of) Gentile until that date.

As Plaintiffs noted in requesting the Firm's deposition, the suggestion that the Firm has not since been paid on Gentile's behalf, notwithstanding the Firm's continued representation of Gentile in the case brought by the SEC in Florida, including as lead counsel in the jury trial held in July 2024 and throughout ongoing post-trial motion practice, demands further explanation. Plaintiffs intend to inquire whether Gentile has paid his bills in some other manner, or whether there are outstanding unpaid invoices that the Firm has attempted to collect from Gentile. None of that information is privileged.

     Information about Gentile's assets, including trusts and real property is also not privileged, and within the scope of discovery permitted to Plaintiffs, as the Court held and as Ford concedes (*see* 30(b)(6) Responses, *Avalon* Dkt. 381-2 p.6 Item 3). Ford asserts that "all information has been provided." Plaintiffs are entitled to use the 3 hours allotted by the Court for the Firm's deposition to verify the completeness of Ford's prior responses.

### 4. Contact/communication information.

     The Court previously overruled Ford's objections to Plaintiffs' Request No. 18, for Gentile's username, phone number, and all other contact information visible through any messaging apps or services that the Firm has used to communicate with Gentile. Ford willfully refuses to provide this information despite the Court's ruling. As the Court also ruled, there is no valid basis for the Firm's withholding of information about the Firm's contacts with Gentile or knowledge of Gentile's whereabouts since entry of the Judgments (*see* Plaintiffs' Request Nos. 9, 17), which is non-privileged and "plainly relevant" to Plaintiffs' enforcement efforts (including their effort to enforce the Court's outstanding bench warrant for Gentile's arrest). (*See* Order, *Avalon* Dkt. 376 pp.4, 11 n.4).

**The Firm's deposition should be compelled *again*,**
**with all objections overruled, *under penalty of contempt.***

     Plaintiffs respectfully ask the Court to compel the Firm's deposition yet again, and this time under penalty of contempt. Plaintiffs ask the Court to expressly overrule Ford's objections in advance of the deposition, and to order Ford to designate a Rule 30(b)(6) representative who is prepared to fully answer questions on all of Plaintiffs' proposed topics to appear for the deposition as scheduled, on **July 16, 2025.**

     An additional issue: Adam Ford has stated that he is refusing to speak with David Lopez, one of Plaintiffs' counsel, and will only respond to phone calls and emails from Mr. Lopez by calling or emailing Plaintiffs' other counsel, Miriam Tauber. Mr. Ford's only stated explanation for refusing to communicate with Mr. Lopez is, to paraphrase, that Mr. Ford does not personally like Mr. Lopez. Ford's conduct in insisting on communicating with only one of Plaintiffs' co-counsel is making normal professional relations awkward and sometimes impossible. Plaintiffs are constrained to ask for the Court's intervention in restoring the lines of communication between counsel, potentially also under penalty of contempt.

                                                        Respectfully submitted,

                                                        */s/ Miriam Tauber*_____
                                                        Miriam Tauber
                                                        David Lopez
                                                       *Attorneys for Plaintiffs/Judgment Creditors*