UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                    :
AVALON HOLDINGS CORPORATION,   :
                                                    :
                  Plaintiff,                        :
                                                    :
            - against -                             :         18-CV-7291 (DLC)(RWL)
                                                    :
GUY GENTILE and MINTBROKER            :         18-CV-8896 (DLC)(RWL)
INTERNATIONAL, LTD.,                        :
                                                    :
                  Defendants.                       :         **REPORT AND RECOMMENDATION**
-----------------------------------------------------:         **TO HON. DENISE L. COTE:**
                                                    :         **MOTION FOR REINSTATEMENT OF**
NEW CONCEPT ENERGY, INC.,             :         **ARREST WARRANT (DKT. 476)[1]**
                                                    :
                  Plaintiff,                        :
                                                    :
            - against -                             :
                                                    :
GUY GENTILE and MINTBROKER            :
INTERNATIONAL, LTD.,                        :
                                                    :
                  Defendants.                       :
-----------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

        This report and recommendation addresses Plaintiffs' motion at Dkt. 476 for

reinstatement of the bench warrant for the arrest of Defendant-Judgment-debtor Guy

Gentile.[2]

---

[1] All docket citations are to the *Avalon* case, No.18-CV-7291.

[2] The motion has been referred to me by District Judge Cote. (*See* Dkt. 481 at 2.) To the extent that the motion seeks to invoke the Court's civil contempt authority, the Court certifies the facts set forth in the Background section pursuant to 28 U.S.C. § 636(e). *See Daniel F. Kelleher Auctions, LLC v. Huh,* No. 3:16-CV-878, 2019 WL 296522, at *5 (D. Conn. Jan. 23, 2019) (discussing magistrate judge jurisdiction vis-à-vis civil contempt).

**Background**

Plaintiffs Avalon Holdings Corp. ("Avalon") and New Concept Energy, Inc. ("New Concept") each brought an action against defendants Guy Gentile and Mintbroker International, Ltd. ("Mintbroker") for disgorgement of short-swing profits pursuant to § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).  On March 20, 2024, the Court entered final judgment in favor of Plaintiffs in a combined total amount of more than $16 million (the "Judgment").  (Dkt. 281.)  Gentile has not paid the Judgment and has evaded discovery in aid of enforcement.[3]  On September 20, 2024, District Judge Cote entered an order finding Gentile in contempt for failure to comply with discovery in aid of enforcement, and authorizing the arrest and detention of Gentile until he complies with subpoenas issued by Plaintiffs or until further order of the Court.  (Dkt. 341 at 4-5.)

During the ensuing year, Plaintiffs continued their efforts to obtain post-judgment discovery of Gentile's assets.  Also during that time frame, Gentile apparently took up residence in Dubai.  Nonetheless, on September 10, 2025, in response to a Court order, Gentile filed a letter expressing his willingness to comply with discovery and sit for a deposition and requesting that the warrant for his arrest be vacated.  (Dkt. 411.)  Taking Gentile's representation of his willingness to cooperate in good faith, on September 23, 2025, Judge Cote vacated the arrest warrant "without prejudice to renewal in the event that Gentile fails to cooperate with discovery or fails to submit to an in-person deposition within the Southern District of New York by October 21, 2025."  (Dkt. 427 at 5.)  On September 26, 2025, Plaintiffs informed the Court that Gentile agreed to produce the

---

[3] Mintbroker was dissolved pursuant to liquidation proceedings in the Bahamas.  Plaintiffs did not file a claim against Mintbroker in those proceedings, effectively abandoning any claim against it.  Gentile remains fully joint and severally liable for the Judgment.

subpoenaed documents within 30 days, that the parties agreed to conduct Gentile's

deposition after production of the documents, and that the parties therefore requested an

extension of the deadline for the deposition to November 10, 2025.  (Dkt. 432.)  The Court

granted the request.  (Dkt. 433.)

      Gentile next moved the Court to allow his deposition to be taken remotely, and, if

that request were denied, require Plaintiffs to pay the expenses for his travel to New York.

The Court denied those requests.  (Dkt. 440 ¶¶ 1-2.)  Gentile then filed a variety of

motions, including a motion to vacate the Judgment filed on October 29, 2025 – the day

after Gentile lost his appeal of the Judgment.[4]  (Dkt. 450.)  By separate order, the Court

has recommended that that motion be denied.  Meanwhile, Plaintiffs sought Gentile's

cooperation in setting a date and location in New York City for his deposition.   On

November 2, 2025, apparently frustrated by Gentile's non-responsiveness, Plaintiffs sent

an email to Gentile as follows:

>     I have asked you several times to inform me when you propose to be in New York so that I might arrange a reporter and locale for the examination.  You have not responded.
>     This is a final request.  Kindly inform me of the date of your intended appearance.
>     Do not ask for additional time. It will not be granted. You have already received one extension and we are no closer to compliance.
>     **IF YOU DO NOT APPEAR FOR YOUR EXAMINATION BY THE CLOSE OF BUSINESS ON NOVEMBER 10, 2025, PLAINTIFFS WILL MOVE FOR REINSTATEMENT OF A WARRANT FOR YOUR ARREST ON NOVEMBER 11, 2025**.

---

[4] Although styled as motion to "clarify and correct" the judgment, Gentile requested that the Court vacate the judgment and void all prior proceedings to enforce the judgment. (Dkt. 463 at 1.)

(Dkt. 477-1.)  The following day, November 3, 2025, Gentile responded, blaming Plaintiffs for not yet having a fixed date for the deposition, and stating that Gentile was available on November 9, 2025, but Plaintiffs needed to designate a time and location.  (Dkt. 484-1 at ECF 2.)  On November 6, 2025, Plaintiffs responded to Gentile, noting that November 9th was a Sunday and that it was too late to arrange a court reporter for that day.  Plaintiffs' email stated that the deposition would proceed at 9:30 a.m. on November 10, 2025, at 7 Times Square, 16th floor.  (Dkt. 484-1 at ECF 3.)

Gentile did not appear for his deposition.  Instead, on November 7, 2025 – just days after he represented that he would be available for deposition on November 9, 2025 – he filed a motion for "comity," asking the Court to stay enforcement proceedings because Gentile had recently filed for bankruptcy in Dubai, which triggered an automatic stay under Emirati law.  (Dkt. 461.)  On November 9, 2025, Gentile sent an email to Plaintiffs stating that he had filed for bankruptcy in Dubai and would not be appearing for his deposition.  (Dkt. 484-1 at ECF 4.)

On December 2, 2025, Plaintiffs filed the instant motion to reinstate the arrest warrant against Gentile.  (Dkt. 476.)  Plaintiffs assert that Gentile induced the Court to vacate the warrant by feigning a willingness to cooperate in discovery and be deposed in New York but failing to do so.  (Dkt. 478 at 1-2.)  Gentile filed his opposition the following day.  (Dkt. 484.)  He argues that he has complied with his discovery obligations (*id.* at 5-6), that his deposition was never actually scheduled (*id.* at 8-10), and that the motion is "in substance" a request for reconsideration of the Court's order of November 18, 2025 (at Dkt. 466), which directed Gentile to provide specific information about his residence and bankruptcy proceeding (Dkt. 484 at 10.)  He also argues that, having filed for

4

bankruptcy, he cannot comply with the discovery sought without violating Dubai law and that this Court should stand down as a matter of comity.  (*Id.* at 7.)  Yet, on December 22, 2025 – the same day Plaintiffs filed their opposition to Gentile's comity motion – Gentile filed a notice withdrawing that motion.[5]  (Dkt. 496.)

### Discussion

The arrest warrant issued against Gentile should be reinstated.  The Court vacated the warrant on the express condition that Gentile cooperate with discovery and submit to an in-person deposition within the Southern District of New York by November 10, 2025. (Dkt. 427 at 5; Dkt. 433 (extending date to November 10).)  Gentile failed to comply with that condition.  The Court agrees with Plaintiffs that Gentile feigned his willingness to cooperate yet strategized to evade compliance.  That is exemplified in particular by the email communications between Plaintiffs and Gentile to schedule his deposition.  As indicated by Plaintiffs' email of November 2, 2025, Gentile recently had been non-responsive to Plaintiffs' attempts to discuss a date and location for his deposition in New York City.  (Dkt. 477-1.)  Plaintiffs informed Gentile in no uncertain terms that that if he did not appear for his deposition by November 10, 2025, Plaintiffs would seek to reinstate the arrest warrant.  (*Id.*)  The following day, November 3, 2025, Gentile emailed that he was available on November 9th.  (Dkt. 484-1 at ECF 2.)  Yet two days before the very day he said he would be available for deposition, Gentile filed his comity motion based on his recently bankruptcy filing in Dubai.  (Dkt. 461.)   Gentile could not in good faith on November 3, 2025, have stated that he would be available to be deposed on November

---

[5] Plaintiffs opposed withdrawal of Gentile's comity motion.  The Court has addressed that issue by separate order accepting Gentile's notice of withdrawal.

9, 2025, while filing for bankruptcy in Dubai on November 7, 2025.    In short, Gentile strung Plaintiffs along, representing his willingness to comply with discovery and sit for deposition in New York, yet planning and implementing measures to evade doing so.

None of Gentile's arguments against reinstating the warrant are persuasive.  He did not submit to a deposition, let alone in New York, by November 10, 2025.  Notably, neither his email saying that he could be available November 9, 2025, nor any other email or communication he has submitted, states that he could not be available November 10, 2025.  In his opposition, Gentile asserts that appearing on the 10th was "impossible" because of "short notice and flight cancellation due to the government shut down for flight [sic] going to New York." (Dkt. 494 at 8.)  That argument does not hold water.  First, having represented on November 3 that he could be available on November 9 – and assuming such representation was made in good faith, which it clearly was not – Gentile would have had to know, or at least have assumed, that flights were available to get him to New York by that date (in the event he had not already planned and made reservations to be in New York then).  Yet he has not explained why he could not have just stayed over in New York on November 9 so that he could be deposed on November 10.  Second, Gentile neither states nor provides any proof that he even tried to book a flight to be in New York for November 10th.  Nor does he provide any proof that flights in fact were not available.

Gentile argues that Plaintiffs "invented their own deposition date" and asserts that Plaintiffs never confirmed November 9 as the date for his deposition.  (Dkt. 484 at 8.) Plaintiffs do not, however, suggest that November 9 was the date Gentile was to appear. As noted above, the correspondence between Plaintiffs and Gentile is crystal clear that

the date ultimately fixed by Plaintiffs for the deposition was Monday, November 10. (Dkt. 471-1, Dkt. 484-1 at ECF 4.) And, to the extent Gentile means to say that he never agreed to November 10, 2025, that is irrelevant. Plaintiffs were entitled to set a date given Gentile's non-responsiveness and late-breaking (and disingenuous) proposal to appear on Sunday. Moreover, as the party subject to the Court's order, it was incumbent upon Gentile to be diligent in attempting to comply. *See Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 656 (2d Cir. 2004) (confirming contempt where party failed to demonstrate "a diligent attempt to comply with the district court's orders in a reasonable manner"); *Medina v. Buther*, No. 15-CV-1955, 2019 WL 581270, at *25 (S.D.N.Y. Feb. 13, 2019) (to avoid contempt a party must "have been reasonably diligent and energetic in attempting to accomplish what was ordered") (quoting *Powell v. Ward*, 487 F. Supp. 917, 933 (S.D.N.Y. 1980), *aff'd and modified*, 643 F.2d 924 (2d Cir. 1981)). The record demonstrates that Gentile was not reasonably diligent. The obligation to be pro-active so that his deposition took place by November 10, 2025 – if he wanted to avoid reinstatement of the warrant for his arrest – was Gentile's, not Plaintiffs'.

Gentile suggests that he complied with what was required of him by providing to the Court specific information about his Dubai residence and bankruptcy as ordered by the Court. (Dkt. 484 at 6.) But just because he did what the Court required in response to that order does not excuse him from cooperating with Plaintiffs in complying with his discovery obligations.

Gentile's remaining arguments fare no better. He invokes international comity and the automatic stay arising from his filing for bankruptcy in Dubai. (Dkt. 484 at 7.) He

asserts that Plaintiffs' motion is an improper request for reconsideration of the Court's November 18, 2025 order at Dkt. 466 and, if granted, "would undercut the Court's sequencing" of resolving his comity motion before any other motion concerning enforcement of the Judgment.  (Dkt. 484 at 10.)  Gentile, however, has withdrawn his comity motion.[6]  (Dkt. 496.)  The comity argument thus is moot.

 In sum, Gentile has not complied with the requirements that were the basis for vacating the warrant for his arrest.  He did not submit to an in-person deposition by or on November 10, 2025 within the Southern District of New York.  He did not cooperate with the discovery required of him.  He does not have a good faith excuse for failing to do so.  Accordingly, reinstatement of the warrant for his arrest is fully justified.

---

[6] Two days after withdrawing his comity motion, Gentile filed a letter purporting to provide a "brief clarification" of his position.  In that letter, he confirmed that he does "not contend that any automatic stay or foreign order applies in this Court, nor … assert[s] that foreign law excuses compliance with the Court's directives."  (Dkt. 499.)  At the same time, Gentile professed concerns about "legal risk" posed by traveling to the U.S. "while arrest-related issues remain pending" and offered, upon order of this Court, to "seek authorization from the Dubai court to provide sworn written testimony in this matter" and submit sworn written responses if the Dubai court provides authorization to do so.  (*Id.*)  That offer rings hollow.  First, Gentile has not provided any basis for assurance that the Dubai court would provide such authorization.  Second, the process for seeking and obtaining such authorization is likely to be quite lengthy, further delaying satisfaction of the Judgment and thereby prejudicing Plaintiffs.  Third, written answers to written questions are hardly a suitable substitute for an in-person deposition with live questioning and the opportunity of questioning counsel to follow up on the Gentile's answers – particularly in the context of enforcing a judgment that Gentile is actively seeking to avoid.  Fourth, the Court already denied Gentile's earlier request to dispense with the requirement that he submit to deposition in-person in the Southern District of New York.  Fifth, the arrest warrant is only for the purpose of coercing Gentile to submit the deposition as ordered by the Court; in other words, Gentile can obviate the "legal risk" of the arrest warrant by submitting to the deposition as ordered.

**Conclusion**

For the foregoing reasons, reinstatement of the warrant for Gentile's arrest for purposes of obtaining his compliance with post-Judgment discovery is warranted. Should the District Court agree, then the following order may be issued:

IT IS ORDERED that the United States Marshals Service is directed to take all necessary measures to effect service and enforcement of this Order in any district of the United States where Gentile may be found. Because this case involves Gentile's violations of federal securities laws, this contempt order is issued to "enforce federal law," and, accordingly, "may be served and enforced in any district." Fed. R. Civ. P. 4.1(b).

IT IS FURTHER ORDERED that the United States Marshals Service, if called upon to execute the terms of the attached Order, will be permitted to use the minimum degree of non-deadly force necessary to arrest and detain Gentile and bring him before this Court, and will be permitted to enter any premises of Gentile's if he is reasonably believed to be inside and if requested access to such premises is withheld.

IT IS FURTHER ORDERED that, if located by the United States Marshals in any district of the United States, Gentile shall be incarcerated until he complies with any outstanding subpoenas in this case and submits to an in-person deposition in the Southern District of New York, or until further Order of this Court.

IT IS FURTHER ORDERED that Plaintiffs' counsel shall contact the United States Marshals Service to coordinate the execution of this Order. If either Plaintiff so chooses, it will at its own expense file this Order and provide any other forms or payments necessary to facilitate the Marshals' investigation and arrest of Gentile.

**Objections And Right To Appeal**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Denise L. Cote, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Cote. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   January 8, 2026
         New York, New York

Copies transmitted to all counsel of record.